### E. F. HAUSERMAN CO. v. WRIGHT METAL, Inc., et al.

#### No. 1011.

District Court, W. D. New York.

Aug. 31, 1932.

Fay, Oberlin & Fay, of Cleveland, Ohio, for plaintiff.

G. M. Blackmon, of Jamestown, N. Y., for defendants.

KNIGHT, District Judge.

The action has been brought to restrain infringement of certain patents and for damages resulting therefrom. The answer denies infringement, and sets up a counterclaim for infringement of a certain patent not included among those mentioned in the bill of complaint.

Plaintiff moved to dismiss the counterclaim on the ground that there is a mis-

joinder of parties therein. The counterclaim contained the allegation that it was based on infringements of letters patent of Wright Metal, Incorporated. Pending the decision of the motion, on stipulation of the parties, the counterclaim in the answer was amended to allege infringements of the letters patent of Wright Metal, Incorporated, and Samuel J. Lasser, acting in his capacity as assignee for the benefit of creditors of Wright Metal, Incorporated. Plaintiff asserts that a misjoinder of parties defendant appears on the face of the amended counterclaim, and that Samuel J. Lasser, as assignee, is the sole party in interest. With this contention I disagree for two reasons: The assignment of Wright Metal, Incorporated, to Samuel J. Lasser is for the benefit of creditors only, and Wright Metal, Incorporated, retains an interest in the estate assigned. While an action for infringement might have been brought or a counterclaim set up by Lasser, as assignee, alone, that fact does not preclude the right to join Wright Metal, Incorporated, in this counterclaim.

Since the filing of the amended counterclaim, plaintiff has raised additional grounds for the dismissal of the counterclaim. These are, that the counterclaim does not show that the acts charged took place in the district where the action is pending, that plaintiff is not within the jurisdiction of the court, and that the defendants, jointly and severally, do not have title to bring suit.

Swanson, applicant for the letters patent in question, by an instrument in writing sold and transferred to each of six individuals "an undivided one-seventh part of the whole right, title and interest in and to said invention, and in and to the Letters Patent to be obtained therefor, as set forth in the specifications, Serial No. 246312," and directed "the Commissioner of Patents to issue said letters Patent to * * * each as assignees of a one-seventh interest therein."

Thereafter Swanson and such other six persons executed and delivered to Hollow Metal Construction Company, Inc., an instrument in writing whereby they granted "the right to the exclusive use of said inventions pending allowance and assignment," and on allowance of said patent to "execute assignments thereof," and did "assign * * * such patents and all rights thereunder," and further agreed that the Hollow Metal Construction Company, Inc., aforesaid, might "maintain proceedings to prevent infringement or collect damages thereunder against any other parties, either in its own name or in the name of the first parties, or any of them." Subsequent to the execution of the last-mentioned agreement, letters patent were issued to the grantors of said Hollow Metal Construction Company, Inc. The name of "Hollow Metal Construction Co. Inc.," was later changed to "Wright Metal, Incorporated."

There is unanimity in the opinions of the courts that the patentee and the licensee should be parties to a suit for infringement. Birdsell v. Shaliol, 112 U. S. 485, 5 S. Ct. 244, 28 L. Ed. 768; Independent Wireless Tel. Co. v. Radio Corporation, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357. This rule is inapplicable here, however, both because Wright Metal, Incorporated, is more than a licensee and the patentee retains no interest.

The reason for the rule requiring the patentee to be made a party is based on the assumption that he retains an interest, and, in order to end litigation over infringement, all interested parties must be brought into court. On reason and authority the patentee is not an interested party defendant here. Littlefield v. Perry, 21 Wall. (88 U. S.) 205, 22 L. Ed. 577; Frankfort Whisky Process Co. v. Pepper (C. C.) 26 F. 336; Lock Joint Pipe v. Melber (C. C. A.) 234 F. 319; Paulus v. M. M. Buck Mfg. Co. (C. C. A.) 129 F. 594; Mallory & Co., Inc., v. Automotive Mfrs. Outlet, Inc. (D. C.) 45 F.(2d) 810. Defendants therefore had title to bring suit.

The two additional grounds for dismissal of the counterclaim hereinbefore mentioned may be considered together. Under equity rule 30 (28 USCA § 723), defendants had the right to set up the counterclaim, even though it relates to transactions other than those set forth in the complaint. It reads in part as follows: "The answer * * * may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims."

As I view it, the law has been definitely settled by the decisions of the Supreme Court. In Leman v. Krentler-Arnold Hinge Last Co., 284 U. S. 448, 52 S. Ct. 238, 239, 76 L. Ed. 389, the court said: "When the respondent brought the suit in the Federal District Court for the District of Massachusetts, it submitted itself to the jurisdiction of the court with respect to all the issues embraced in the suit, including those pertaining to the coun-

terclaim of the defendants, petitioners here," and in American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 151, 67 L. Ed. 306, it said: "That which does not [grow out of the subject matter] may be set up if the defendant wishes in one proceeding in equity quickly to settle all equitable issues capable of trial between them in such a proceeding, even though they are not related."

The motion is denied.