## LISLE MILLS, Inc., v. ARKAY INFANTS WEAR, Inc., et al.

### Civ. A. No. 9580.

United States District Court
E. D. New York.

June 14, 1949.

Lackenbach & Hirschman, New York City, for plaintiff. Armand E. Lackenbach, New York City, of counsel.

Harry Price, New York City, for defendants.

GALSTON, District Judge.

The motion is for a dismissal of the suit against the defendants on grounds which will subsequently be referred to.

The complaint states two causes of action: one for a declaratory judgment against these defendants on the allegations that certain letters patent issued to Arkay Infants Wear, Inc., as assignee of one Ernest Buchler, are invalid. It appears from the complaint that the owner of the patent manufactures garments thereunder for the Tiny Tailors, Inc., which latter defendant sells the garments. It is al-

leged that there is a controversy existing, stemming from the asserted rights of the defendants to enforce said letters patent when, as the plaintiffs contend, such letters patent are invalid. The second cause of action charges the defendants with certain acts of alleged unfair competition.

The motion apparently is based on the contention first that since all of the defendants do not reside in the same judicial district the suit should be dismissed as against Tiny Tailors, Inc.

This contention is without merit. Reliance seems to be had on Stonite Products Co. v. Melvin Lloyd Co., Inc., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. That action discussed venue in a patent infringement suit. The declaratory judgment action, it is true, arises under the patent statute, but it is not an infringement suit and consequently section 1400, subdivision (b) of Title 28, U.S.C.A. is not applicable. That section reads: "Any civil action for patent infringment may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Defendant's motion seems to ignore the factual situation. It is not the defendants who are charged with infringement. Therefore the section is not applicable.

Also there must be no confusion between jurisdiction and venue. Jurisdiction in this case arises because of diversity of citizenship. Plaintiff is a Pennsylvania corporation, and the two defendants New York corportions. Venue is found in section 1392, subdivision (a) of Title 28, which recites: "Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." Now in the case at bar, though the defendants have their principal places of business in different districts, Arkay Infants Wear, Inc. in the Eastern District, and Tiny Tailors, Inc. in the Southern District of New York, they are both within the same state, and certainly then, from the pleading and the motion papers, there is nothing from which it can be con-cluded that section 1392(a) does not control.

The remainder of the motion seeks to compel plaintiff separately to state its causes of action. However, a reading of the complaint shows that there is a sufficient compliance in that respect with the Rules of Civil Procedure, 28 U.S.C.A.

The motion so far as it seeks dismissal of the Arkay Infants Wear, Inc. on the alleged ground that the controversy exists solely between Tiny Tailors, Inc. and the plaintiff, is without merit, since it appears that whatever rights are asserted by Tiny Tailors, Inc. stem from the ownership of the patent by Arkay Infants Wear, Inc.

Accordingly the motion is in all respects denied. Settle order on notice.