350

## RUBSAM v. HARLEY C. LONEY CO.
### Civ. A. No. 8136.

United States District Court
E. D. Michigan, S. D.
Sept. 20, 1949.

Beaman & Patch, Jackson, Mich. (Townsend F. Beaman, Jackson, Mich., Robert C. Williams, Jackson, Mich., of counsel), for plaintiff and counter-defendant.

Kleinstiver & Anderson, Jackson, Mich. (Benj. Kleinstiver, Jackson, Mich., Watling & Brelsford, Santa Barbara, Cal., of counsel), for defendant and counter-plaintiff.

THORNTON, District Judge.

The complaint filed in this cause is a contract action based upon certain patent license agreements referred to therein, granting exclusive rights to the plaintiff upon certain patents relating to balancing weights for vehicle wheels, principally automobiles, in the so-called original production field, that is by motor car manufacturers, as distinct from the "service field". The relief asked is an injunction against defendant invading plaintiff's exclusive license, accounting for royalties not paid, and assessments of costs. Questions of validity or invalidity or infringement of patents are not involved. Sole ground of jurisdiction is diversity of citizenship, the plaintiff being a citizen of the State of California, whereas the defendant is a corporation organized under the laws of the State of Michigan and having its principal place of business at Detroit, Michigan; that the matter in controversy exceeds the sum of $3000.00.

The defendant filed its answer to the said complaint and also interposed two separate and distinct claims against the plaintiff as

counterclaims, the first being a counter-claim for declaratory judgment of the scope and validity of patents, and the second being a counterclaim for libel.

The plaintiff and counter-defendant moved to dismiss both counterclaims.

## Counterclaim for Declaratory Judgment of the Scope and Validity of Patents

The counter-plaintiff in this claim asks for the following:

"(a) For a Declaratory Judgment that all of the claims of the United States Letters Patent 2,137,415 and 2,137,416 be declared invalid as between the parties hereto, their agents, customers, representatives and attorneys, or, if valid, then each of the claims of said patent is not infringed by any wheel balance weight now being manufactured, used, and/or sold by counter-plaintiff, because such claims, are, by their form, the state of the art at the time of the application for said patent, the knowledge of those skilled in the art at the time of application for said patent, and the restrictions placed upon said claims during the prosecution of said patent application, of such limited scope as not to read upon devices being manufactured, used and/or sold by counter-plaintiff.

"(b) That a preliminary injunction and a permanent injunction issue out of this court enjoining the counter-defendant, its agents, representatives and attorneys, from either directly or indirectly committing any act of intimidation or the threatening of the bringing of a suit for infringement of United States Letters Patent 2,137,415 and 2,137,416 against counter-plaintiff, its customers and/or others, because of wheel balance weights presently being manufactured, used and/or sold by the counter-plaintiff, either within or without jurisdiction of this court, or committing any other acts of unfair competition which would affect counter-plaintiff's customer's relations."

The counter-defendant, in support of his motion to dismiss, claims that the statutes governing venue in patent infringement actions are equally applicable and controlling as to venue in declaratory judgment actions relating to patents.

Since the original suit filed by the plaintiff and this particular claim submitted by the counter-plaintiff are concerned with wheel balance weights, it might seem that the subject matter of both actions arise out of the same transaction or occurrence, and as such would establish the claim of the counter-plaintiff as a compulsory counterclaim, yet a thorough reading of the pleadings discloses therein two patents separate and distinct from the patents mentioned in the plaintiff's original cause of action, thereby making the counterclaim a permissive one.

Rule 13(b) and (c) of Civil Procedures, 28 U.S.C.A., read as follows:

"Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is a subject matter of the opposing party's claims."

"(c) Counterclaim Exceeding Opposing Claim. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount *or different in kind from that sought in the pleading of the opposing party.*" (Italics supplied.)

A somewhat similar situation is found in the case of Brown Paper Mill Co., Inc., v. Agar Mfg. Corp. reported in D.C., 1 F.R.D. 579, 581, wherein the court held as follows: "However, in the instant case, the court has jurisdiction of the subject matter of the complaint by reason of diversity of citizenship of the parties, and also of the counterclaim by reason of a federal question. It would be idle to dismiss the counterclaim and require the defendant to commence an independent action. Rule 13(b) was enacted for the very purpose of dispensing with needless independent actions, when those existing causes of action might be brought as permissive counterclaims against an opponent."

In the instant matter, if the motion were granted it would require the defendant to go all the way across the United States to the State of California to commence an independent action in a Federal Court of equal jurisdiction, the said action being

barren of anything peculiar to the laws of the State of California.

We are not here considering the question of venue as it applies to the place where a suit is brought by any original process or proceeding other than to illuminate the fact that the plaintiff adopted the jurisdiction of this court in the commencement of his original action.

■ In General Electric Co. v. Marvel Rare Metals Co. 287 U.S. 430, 434, 53 S.Ct. 202, 204, 77 L.Ed. 408, the court said: "The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court."

In view of the foregoing the plaintiff, therefore, has no privilege of venue as against a counterclaim, whether it arises out of the same transaction, or out of an independent transaction. Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451, 52 S.Ct. 238, 76 L.Ed. 389.

"The plaintiff by coming voluntarily into the District Court of this District subjects itself to the Jurisdiction of this Court in respect to all possible grounds of counterclaim. * * *" Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, Inc., D. C., 25 F.Supp. 1021, 1022.

In support of his motion to dismiss the within counterclaim, the counter-defendant has taken the position that "declaratory judgment action involving validity and infringement of counter-defendant's patents cannot be asserted herein by a counterclaim notwithstanding diversity of citizenship. Venue of such action is founded only upon the patent laws and laws relating to patent actions". In this he is in error.

In Crosley Corporation v. Westinghouse Electric & Manufacturing Co., 3 Cir., 130 F.2d 474, 476, the question of venue in patent infringement suits and suits started under the Declaratory Judgment Act was distinguished as follows: "The venue of a patent infringement suit is governed exclusively by Section 48 of the Judicial Code, 28 U.S.C.A. § 109 [now § 1400]; Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. Under this section such a suit may be brought in any district in which the defendant, whether an individual or a corporation, 'shall have committed acts of infringement and have a regular and established place of business.' A patent declaratory judgment suit on the other hand is governed by the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112 [now § 1391], under which the suit may be brought only in the district of which the defendant is an inhabitant." See also American Blower Corporation v. B. F. Sturtevant Co., 61 F. Supp. 756, and also Lisle Mills, Inc., v. Arkay Infants Wear, Inc., et al., D.C., 84 F. Supp. 697.

By bringing his original action within the jurisdiction of this court the counter-defendant has waived the privilege of requiring the counter-plaintiff to commence the action set forth in the within counterclaim in the district in which the counter-defendant is an inhabitant.

In arriving at the foregoing conclusion the court is not unmindful of Rule 82.

The motion to dismiss the within counterclaim is denied.

### Counterclaim for Libel

The counter-defendant moves to dismiss defendant's "counterclaim for libel" for the following reasons:

(1) Said counterclaim does not allege or state a cause of action for libel, or any cause of action at all.

(2) Said counterclaim does not assert or allege any claim or right or cause of action by counter-plaintiff against the counter-defendant.

(3) Said counterclaim does not state or allege any cause of action which counter-plaintiff may or can assert in its own right against the counter-defendant as an opposing party.

(4) Counterclaim. That said counterclaim states no right or cause of action upon which any relief can be granted to counter-plaintiff.

(5) That the allegations of said counterclaim are wholly insufficient to constitute any cause of action for libel which could be asserted or maintained by counter-plaintiff against counter-defendant.

The following assignment of quoted remarks are alleged by the counter-plaintiff to be libelous and to have been maliciously published by the counter-defendant by means of certain letters directed and sent to Mr. Townsend F. Beaman, Jackson, Michigan, and to numerous other persons whose names are unknown, but which include Mr. Ralph E. Williamson of Minneapolis, Minnesota, and Mr. Elmer L. Goldsmith of Indianapolis, Indiana, the former being attorney of record representing an individual adjudged, on December 10, 1948, to be an infringer of the Hume Patent No. 2,036,757, and the latter representing a corporation which claims to be a licensee under Patent No. 2,036,757.

"You can see from the above, that it is very important for you to answer my question of May 3, 1948, because the existence of any irregularity in the final settlement of the Interference would automatically invalidate the Hume patent.

\* \* \* \* \* \*

"If I had not been prevented on account of eye trouble I would have been present during the trial in Kansas City, because I suspected you since quite some time of making statements which would distort the picture. It is too bad that the case cannot be reopened, as my testimony, supported by your own letters, would not make a very favorable impression about you in view of the false impressions you have conveyed to the Court.

\* \* \* \* \* \*

In my letter of May 14 I have drawn your attention to the untrue statements you made in Par. 4, page 1, and in Par. 3, page 2, of your letter of May 10, 1948."

"It is my contention that you have mislead the Court by concealing this vital testimony which was in my favor."

"I am mailing you herewith enclosed the vital portions of the testimony in the Rubsam interference in order to acquaint you with the fact that Beaman's testimony (Q. 58-81, R.362-70) was false. Beaman left out the fact that I had a Turner weight on one of the new tires which we used on my Packard after January, 1933."

By way of explanation the counterclaim further alleges that the counter-defendant meant, and intended to mean, and was understood by the readers of said letters as meaning that Mr. Townsend F. Beaman, as representative of the counter-plaintiff herein at the trial of a lawsuit in Kansas City, Missouri, entitled "Harley C. Loney Company v. Agatha Nelson", did make false statements on the witness stand, and that if the truth was known, the counter-plaintiff's Patent No. 2,036,757 would have been declared invalid in the above mentioned litigation; that the counter-plaintiff's patent is in fact invalid and should be disregarded by all persons notified and engaged in the manufacture and sale of wheel balance weights falling within the claims of said patent.

In Life Printing & Publishing Company, Inc., v. Field et al., reported in 327 Ill.App. 486, 64 N.E.2d 383, on page 384, which is an action for libel, it is stated in part as follows: "Plaintiff being a corporation, no question of personal reputation can be involved, and the defamation must assail its financial position, its business methods, or accuse it of fraud or mismanagement."

A careful analysis of the foregoing assignments of alleged libelous matter fails to disclose, either directly or indirectly, one instance wherein the financial position and/or the business methods of the counter-plaintiff corporation have been defamed by any remarks attributed to the counter-defendant, and likewise the said assignments of alleged libelous matter are completely barren of any accusation of fraud and/or mismanagement on the part of the counter-plaintiff corporation.

An unbiased reading of the questioned remarks leads one to the inescapable conclusion that the counter-defendant is accused of attacking the veracity of one Beaman in relation to certain testimony given by the said Beaman at the trial of a lawsuit, but nowhere is it alleged, nor do the complained-of remarks establish the accusation that the so-called false testimony on the part of the witness Beaman was by direction of the counter-plaintiff.

In an action by Cal-Thermo Industries, Inc., v. Dun & Bradstreet, Inc., to recover for an alleged libel, reported in 75 F.Supp. 541, at page 542, Judge Ryan of the Dis-

trict Court for the Southern District of New York, is quoted in part as follows: "The alleged libel contains financial statistics, not of the plaintiff corporation, but of one of its officers, stockholders and promoters of the business. 'A corporation cannot maintain an action for slander or libel upon words spoken or published solely of and concerning its officers or members.'"

*  *  *

Mr. Townsend F. Beaman is identified in the pleadings in relation to the counter-claim for libel "as representative of the counter-plaintiff herein at the trial of a lawsuit in Kansas City, Missouri, entitled 'Harley C. Loney Co. v. Agatha Nelson'". The manner in which Mr. Townsend F. Beaman was representing the counter-plaintiff at Kansas City is left to conjecture, but regardless of what his connection might have been with the counter-plaintiff, it is apparent that the corporation cannot maintain an action for slander or libel under the facts as alleged in the pleadings.

The motion to dismiss the counterclaim for libel is granted.

An order may be settled, on notice, in accordance with the court's action in relation to each counterclaim.