## NEWELL v. O. A. NEWTON & SON CO. et al.
### Civ. A. No. 1197.

United States District Court
D. Delaware.
April 24, 1950.

Thomas Cooch (Morford, Bennethum, Marvel & Cooch), of Wilmington, Del., for plaintiff.

George T. Coulson (Morris, Steel, Nichols & Areht), of Wilmington, Del., for defendants.

RODNEY, District Judge.

This case is before the court upon a motion of the corporate defendant for leave to file a counterclaim under Rule 13(e), Federal Rules of Civil Procedure, 28 U.S.C.A.[1] This action is one for damages for unfair competition with respect to a chicken house manure conveyor, and for injunctive relief. When the complaint was filed, plaintiff had pending a patent application with respect to the manure conveyor in question. Defendants filed a joint answer, and subsequently filed a motion to dismiss. The motion to dismiss was argued and denied by

1. Rule 13(e) is as follows: "A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

the court. In the meantime, after the filing of the answer, plaintiff's patent application was granted and the patent issued to him.

It appears that the proposed supplemental answer sets up a counterclaim seeking a declaratory judgment with respect to plaintiff's patent, averring invalidity of the patent and non-infringement of it by the machines manufactured by the corporate defendant. The complaint alleged that the actions of the defendants, including the making and disposing of its conveyors, would, inter alia, "infringe on his [plaintiff's] prior patent rights, when granted." The supplemental answer, proposed to be filed, sets out that the corporate defendant has on hand and ready for sale a number of conveyors of the design and structure alleged by the plaintiff to be an infringement, and that it will be unable to continue to make, use or vend its product without the constant threat of costly litigation and a hazardous or speculative position as to damages.

The defendant contends that jurisdiction over the counterclaim exists under the patent laws of the United States and under the Declaratory Judgment Act, 48 Stat. 955, Title 28 U.S.C.A. § 2201, and in that the parties have heretofore appeared in this action. Plaintiff has objected to the granting of the motion by filing a paper entitled "Objection to Venue," in which it is asserted that this is not the proper venue with respect to the proposed counterclaim, inasmuch as the plaintiff is a resident of Maryland and under the applicable venue statute,[2] the counterclaim, being one for a declaratory judgment with respect to the validity of a patent, could only be maintained in the district of this plaintiff's residence.

■ At the oral argument on the motion, a further contention was made by plaintiff's attorney to the effect that the granting of the motion rests in the sound discretion of the court, since the supplemental pleading can be served and filed only

"with the permission of the court," and that it is accordingly incumbent on the moving party to show such circumstances as will move the court to exercise its discretion in his favor. I am of the opinion that the facts of the case, as they appear in the pleadings and the proposed supplemental answer, warrant the granting of the motion, unless the objection based on improper venue is valid. There is no suggestion that the motion has not been made seasonably, or that the case has progressed to such a stage that it would cause confusion or hardship to allow the counterclaim to be pleaded.[3]

■ It is, however, upon the objection to venue that the plaintiff principally relies to defeat the allowance of the motion. It seems not to be disputed that if an original action had been brought to obtain the relief sought in the counterclaim, proper venue would have been in the District of Maryland and not in this District. Plaintiff acknowledges that there is substantial agreement among the text authorities that the Supreme Court has ruled that a plaintiff, by instituting suit against a defendant, "thereby waives any right to object to the venue of any counterclaim, whether compulsory or permissive, interposed by the defendant."[4] This rule has been deduced from two Supreme Court cases, General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408, and Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389. It is plaintiff's position, however, that the rule should be limited to the facts of those cases or to what he calls the usual counterclaim, namely, one that would reduce or even exceed the plaintiff's claims or would constitute a defense to such claim, or to one that is connected with or grows out of the issues of the original action.

■ In my opinion, the cited Supreme Court cases do not, by implication or otherwise, support the plaintiff's position. Plain-

2. 28 U.S.C.A. § 1391(b): "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

3. See Moore's Federal Practice (2d Ed.) pp. 85 et seq.

4. The quoted language is from 3 Moore's Federal Practice (2d Ed.) 13.16. See also, Section 13.22 of the same work.

tiff's contention that the counterclaim in the General Electric case did not raise a separate issue and was not disconnected with the matter in the original action seems to be largely refuted by the statement of the Supreme Court when it said: "We may assume that the counterclaim in question does not arise out of the subject matter of plaintiffs' suit."[5] Whether or not this assumption was correct, and whatever the degree of relation or connection between the original claim and the counterclaim in that case may have been, it is reasonably clear that the decision of the Supreme Court was based on the assumption that the complaint and counterclaim raised entirely disconnected issues. For this reason, I conclude that the general rule deduced from that case is equally applicable here. This conclusion is further sustained by the following language contained in a more recent Supreme Court decision in the case of Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, which, although dealing with a somewhat different problem, is not inapposite. There, in speaking of a non-resident defendant who had appeared and filed a counterclaim but who resisted an amendment to the complaint setting forth a claim under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, with its limited venue provision, the Supreme Court said: " * * * He was conducting litigation in Massachusetts. He was there for all purposes of that litigation. Having invoked the jurisdiction of the federal court and submitted to it he may not claim that he was present only for the limited objectives of his answer and counterclaim. He was present, so to speak, for all phases of the suit. * * *"[6]

Substantially the same question as that with which we are here concerned was presented and the same conclusion reached by the District Court for the Eastern District of Michigan, Southern Division, in Rubsam v. Harley C. Loney Co., 86 F.Supp. 350.

Accordingly it is held that the plaintiff's objection to venue as regards the proposed counterclaim cannot be sustained and that the corporate defendant's motion will be granted. This court is not passing upon any question involved in the existence or non-existence of any justiciable controversy between the parties.

An appropriate order may be submitted.

5. At page 434 of 287 U.S., at page 204 of 53 S.Ct.

6. At page 454 of 319 U.S., at page 1149 of 63 S.Ct.