The H. R. BASFORD COMPANY, a corporation, and Seymour Smith & Son, Inc., a corporation, Petitioners,

v.

Harold T. JONES, Respondent.

Civ. A. No. 6019.

United States District Court
D. Colorado.

Oct. 22, 1958.

Horace B. VanValkenburgh, Denver, Colo., for petitioners.

Jerome R. Strickland, Denver, Colo., for respondent.

KNOUS, Chief Judge.

The H. R. Basford Company and Seymour Smith and Son, Inc., petitioners for an order for arbitration under Title 9 U.S.C. § 4, have moved to dismiss the patent infringement counterclaim contained in the respondent's answer. As grounds for their motion petitioners assert that the United States District Court for the District of Colorado is not the proper venue for an action of patent infringement against either of the petitioners, alleging specifically that neither petitioner is incorporated in Colorado, has committed acts of infringement in Colorado, or has a regular and established place of business in Colorado, and therefore venue in this Court is precluded by Section 1400(b) of Title 28 U.S.C.

It was held in Fourco Glass Co. v. Transmirra Products Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786, following Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, that venue in patent infringement actions is governed exclusively by 28 U.S.C. § 1400(b). As a corollary the Fourco Glass Co., case further held that the 1948 revision made no substantial change in Section 48 (28 U.S.C. [1940 ed.] § 109), when the action was recodified as 28 U.S.C. § 1400(b).

It would, therefore, appear necessary that this Court follow the interpretation given Section 48 in General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408. The General Electric case held that the venue of counterclaims was not restricted by Section 48. The court in that case pointed out that Section 48 applies only in the instance when a suit is brought summoning a person into court but does not affect the setting up of a counterclaim against one already in court. In Moore's Federal Practice, 2d ed., vol. 3, § 13.22 at p. 60, the General Electric decision is treated as follows:

"General Electric Co. v. Marvel Rare Metals Co. established that a plaintiff could not successfully object to the venue of a permissive counterclaim interposed by the defendant, on the theory that the venue statutes apply only to the institution of suit and not to counterclaims interposed by the defendant. * * "

In addition to matters concerning the General Electric case, see also: Leman

v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; James P. Marsh Corp. v. United States Gauge Co., 7 Cir., 129 F.2d 161, 162; Stewart-Warner Corp. v. Universal Lubricating Systems Inc., D.C., 29 F.Supp. 846; and Newell v. O. A. Newton & Son Co., D.C., 10 F.R.D. 286, 287. But Cf. Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814.

In memoranda filed with the Court counsel discuss at some length whether the counterclaim filed in the instant case is compulsory or permissive. Consideration of this question would seem to be unnecessary at this time in light of the above-cited authorities. It is, therefore,

Ordered and Adjudged that petitioners' motion to dismiss respondent's counterclaim be, and the same is hereby denied.