**METLON CORPORATION, Plaintiff,**

v.

**DOW CHEMICAL COMPANY, Defendant.**

United States District Court
S. D. New York.
Dec. 29, 1959.

Leon, Weill & Mahoney, New York City, for plaintiff.

Emery, Whittemore, Sandoe & Graham, New York City, for defendant, Thomas B. Graham, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Metlon sues for a judgment declaring inter alia that patent No. 2,-714,569 (the so-called Prindle patent) owned by defendant Dow Chemical Company is invalid or that, if valid, it has not been infringed by plaintiff. Defendant moves to stay the action pending the determination of certain issues in a case involving the same parties now pending before the United States District Court for the Western District of North Carolina. The North Carolina action was commenced prior to the suit at bar. See Cresta Blanca Wine Co. v. Eastern Wine Co., 2 Cir., 143 F.2d 1012, 1014.

The North Carolina action was brought by Dow as plaintiff against Metlon as defendant for the alleged infringement by Metlon of two patents, one of which is the Prindle patent involved in this action. Metlon moved to dismiss the action for improper venue. In an oral opinion Judge Warlick dismissed the action in so far as it involved the Prindle patent for want of venue on the ground that there were no acts which would constitute infringement in the Western District of North Carolina. See 28 U.S. C. § 1400(b).

Plaintiff then brought on what it calls an "informal" motion for reargument of the decision dismissing the action as to the Prindle patent which was denied on December 11, 1959. On the same day a formal motion pursuant to Rule 52(b), F.R.Civ.P., 28 U.S.C. was made requesting additional findings and amendment of the judgment, apparently for relief similar to that sought in its "informal" motion for reargument.

Plaintiff claims on this motion that it is entitled to a stay of the action against it in this court pending a final determination of the venue question on appeal from Judge Warlick's decision to the Fourth Circuit Court of Appeals. Such a stay is not warranted. The fact that venue is at least dubious in North Carolina but (as I will point out a little later) is proper here, impels me not to exercise my discretionary power to stay the action in plaintiff's behalf. It would not, in my judgment, be "in accord with equitable principles and conducive to justice between the parties" to stay this action pending the determination of the appeal in North Carolina. Cresta Blanca Wine Co. v. Eastern Wine Co., supra, 143 F.2d at page 1014. However, I will grant a stay pending the determination of the plaintiff's pending motion under Rule 52 (b) which, judging from the prior course of the proceedings in the North Carolina action, should involve little delay and not impose any hardship on the plaintiff. In the event that defendant, on its motion under Rule 52, succeeds in obtaining a holding that there is venue in

North Carolina over the action on the Prindle patent it may reapply for a permanent stay of the action in this court.

Defendant further asks for a direction that plaintiff be directed to plead as a counterclaim, in what now remains of the North Carolina action, its claim of invalidity of the Prindle patent. The short answer to this is that Judge Warlick, by letter on December 11, 1959, to defendant's attorney, has already indicated that two separate trials would be necessary as to the two patents if there were proper venue as to both in North Carolina. This being so, I fail to see how the legitimate interests of either of the parties or of sound judicial administration would be advanced by a direction by me to this effect. This portion of the application is therefore denied.

Defendant further moves to dismiss the action here because venue is improper in this district. It admits that it is doing business in this district within the meaning of 28 U.S.C. § 1391(c). However, it argues that this suit is a patent action within the meaning of 28 U.S.C. § 1400(b) and thus it can only be brought in the district where acts of infringement have occurred or where plaintiff resides.

Although it argues this question in its moving papers and memorandum, it asks that consideration of this branch of its motion be deferred. Plaintiff, on the other hand, asks that the entire motion be decided rather than having piecemeal determination. I agree with plaintiff.

The issue as to whether venue is proper under these circumstances was recently considered by Judge Herlands in DeLuxe Game Corp. v. Wonder Products Co., D.C.S.D.N.Y., 157 F.Supp. 696. I fully agree with Judge Herlands' analysis and conclusions in that case that an action for a declaratory judgment as to the validity of a patent is not an "action for patent infringement" within § 1400, and that thus the general venue provision of § 1391(c) controls. See, also, Rayco Mfg. Corp. v. Chicopee Mfg. Corp.,

D.C.S.D.N.Y., 148 F.Supp. 588; Lisle Mills v. Arhay Infants Wear, D.C.E.D. N.Y., 84 F.Supp. 697. Defendant's motion to dismiss the action for improper venue is denied.

Settle order in accordance with this decision, on notice.