SWEETHEART PLASTICS, INC., Maryland Cup Corporation, and Sweetheart Cup Corporation, Plaintiffs,

v.

ILLINOIS TOOL WORKS, INC., Defendant.

ILLINOIS TOOL WORKS, INC., Plaintiff,

v.

MARYLAND CUP CORPORATION and Sweetheart Cup Corporation, Defendants.

Nos. 67 C 888, 66 C 1609.

United States District Court
N. D. Illinois, E. D.

March 20, 1968.

James P. Hume and Granger Cook, Jr., Hume, Clement, Hume & Lee, Richard R. Trexler, Olson, Trexler, Wolters & Bushnell, Chicago, Ill., for Illinois Tool Works, Inc.

Vincent J. Carney, Sturman, Sang & Carney, Chicago, Ill., George L. Greenfield and Charles Hieken, Wolf, Greenfield & Hieken, Boston, Mass., for Sweetheart Plastics, Inc., Maryland Cup Corporation, and Sweetheart Cup Corporation.

## MEMORANDUM OPINION

DECKER, District Judge.

These are two cases involving the validity of Illinois Tool Works' patents Numbers 3,091,360 and 3,139,312 and the question of whether Sweetheart Cup Corporation, Maryland Cup Corporation, and Sweetheart Plastics, Inc., are infringers of these patents. Presently pending for decisions are motions related to the rather unusual procedural situation which has brought these two related cases to this court.

The procedural developments which led to the filing of the motions now pending are as follows: On August 15, 1966, Sweetheart Plastics, Inc., filed a declaratory judgment action against Illinois Tool Works (ITW) in the U. S. District Court for the Southern District of New York. Sweetheart Plastics sought a declaration of the invalidity of the two above-mentioned ITW patents for a type of "nestable" plastic cup. Sweetheart Plastics also sought a declaration that it did not infringe the patents in the event that they were found to be valid.

On September 2, 1966, ITW filed a civil action in this court charging patent infringement by Sweetheart Cup Corporation and Maryland Cup Corporation. (This action shall be referred to herein as the "infringement action," and the New York suit shall be referred to as the "declaratory action.") These two companies, as well as Sweetheart Plastics, are Maryland corporations, and all three are closely related to one another in ownership and operations.

In the declaratory action Sweetheart Plastics filed motions on October 10, 1966, to add Maryland Cup and Sweetheart Cup as parties plaintiff and to restrain ITW from prosecuting the infringement action here. On October 10th ITW filed a motion, in the form of a show cause order, for the dismissal of the complaint for lack of personal jurisdiction and proper venue over ITW or, alternatively, for transfer of the action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

On May 3, 1967, a decision was rendered on the motions then pending in the declaratory action. D.C. 267 F.Supp. 938. Sweetheart Plastics' motion to add Maryland Cup and Sweetheart Cup as parties plaintiff was granted, and ITW's motion to transfer the case to this District was also granted. Following this decision, but before the case was actually transferred here, ITW

filed its answer on May 12, including with it a counterclaim against Sweetheart Plastics, Maryland Cup, and Sweetheart Cup for infringement of the same patents as are the subject of the declaratory complaint. No attempt was made by these companies to seek rehearing or review of the transfer decision by any means, either before or after the counterclaim was filed. A letter from their counsel to the trial judge does indicate, however, that they were considering some such action and requested a delay of the transfer to give them time for this. A ten-day delay was granted them in the transfer order of May 12, 1967. The transfer was effected on May 26, 1967.

While the motions in the declaratory action were being presented and decided, a motion to dismiss for improper venue was filed by Maryland Cup in the infringement action. This motion is also pending before me now.

Sweetheart Plastics and Maryland Cup have filed a motion here to dismiss the declaratory action, on the grounds of lack of personal jurisdiction and improper venue. Also, Sweetheart Plastics has submitted an alternative motion for transfer of the declaratory action to Massachusetts. Because the motion to dismiss the declaratory action presents the most significant issues at this time, and because its resolution may dispense with the need to determine some of the other motions, it will be considered first.

At the outset the movants, Sweetheart Plastics and Maryland Cup, admit that they could have been required to respond in New York to the counterclaim for patent infringement filed by ITW in the declaratory action had it not been transferred. In their memorandum in support of the motion to dismiss, they state:

"Unquestionably having elected to proceed in the Southern District of New York Court [Sweetheart Plastics], Maryland Cup and Sweetheart Cup could have there been required to there defend a counterclaim for patent infringement. General Elec. Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932)."

Following this admission, the movants go on to assert that defending a counterclaim in Chicago "is a far cry" from defending one in New York. They raise various points in an attempt to bring to light substantial legal differences in the defense of the counterclaim in one place or the other.

■ The first argument which movants make is that it was improper for the counterclaim to have been filed after the case had been ordered transferred. Inasmuch as ITW was entitled to file its answer and any counterclaims, and logically did not do so before its motion to dismiss was ruled upon, I can find no impropriety in ITW's conduct in the case in New York. The counterclaim was filed on May 12, 1967, which was the same day the transfer order itself was entered. The order explicitly provided for a minimum ten-day period of delay between the entry of the order and the transmittal of the record to the Northern District of Illinois. Even if the filing of the answer can be said to have suddenly or unexpectedly deprived movants of an opportunity to dismiss the declaratory action under Rule 41(a) (1) (i), Fed.R. Civ.P., that is the type of risk which a plaintiff encounters in any lawsuit. There is no basis for a finding of unlawful prejudice or error in the filing of the counterclaim in New York.

The more important argument raised by the motion is that the transfer of the declaratory action with the counterclaim was an unconstitutional deprivation of due process because it resulted in the movants being required to defend a counterclaim for patent infringement in a district in which allegedly no personal jurisdiction or venue could have been obtained over them in an original infringement action. Additionally these movants, Sweetheart Plastics and Maryland Cup, argue that it is contrary to Congressional policy on the question of venue in patent infringement suits, as expressed in 28 U.S.C. § 1400(b), to allow

the declaratory action to continue in this court.

After full consideration of these points, and of the relevant statutory and case law, it is my conclusion that there was no error, no deprivation of constitutional or statutory right, no contravention of Congressional policy, and no abuse of discretion in the transfer of this case, including the counterclaim, to this district.

■ The first basis for this conclusion is the well established rule that by filing suit a plaintiff automatically waives any objections he might otherwise have on grounds of personal jurisdiction to counterclaims presented against him in the suit. In Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451, 52 S.Ct. 238, 239, 76 L.Ed. 389 (1932), the plaintiff in a patent infringement suit was held bound by a judgment against it on the defendant's counterclaim for infringement, even though the plaintiff's complaint had been dismissed and even though plaintiff apparently could not have been sued for infringement originally in the forum state. The Supreme Court said,

"When the [plaintiff] brought the suit * * *, it submitted itself to the jurisdiction of the court with respect to all the issues embraced in the suit, including those pertaining to the counterclaim of the defendants * *."

This general rule, that a plaintiff waives his privilege as to personal jurisdiction, has been reiterated in many cases following Leman. The Supreme Court followed and clarified it in General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932), a decision which also sheds considerable light on the statutory venue questions raised in the present case.

■ The General Electric decision considered Leman to have established that

"One who sues in a federal court of equity to enjoin the infringement of his patent, thereby submits himself to the jurisdiction of the court with respect to all the issues of the case, including those pertaining to a counterclaim praying that he be restrained from infringing a patent of the defendant." Id. at 435, 53 S.Ct. at 204.

General Electric and Leman thus clearly indicate that by virtue of being plaintiffs in the declaratory action in New York, Sweetheart Plastics and Maryland Cup submitted themselves to the jurisdiction of that court even as to the present counterclaim. It may be noted, of course, that an officer of Maryland Cup expressly submitted it to the jurisdiction of the federal court in New York at the time it was added as a party plaintiff. That was also true of Sweetheart Cup, which, however, is not a party to the present motion to dismiss. On this state of the law and facts, it is clear that Maryland Cup and Sweetheart Plastics could have been required to face the counterclaim in New York whether or not they were subject to suit there as an original matter. In this there could have been no denial of due process, and I cannot see why the transfer to Illinois should make the case any different in this respect. Once it was established that they could have been required to face the counterclaim in a district where they could not have been sued originally, it would seem to be of no constitutional significance whatsoever that such district might ultimately prove to be in Illinois rather than in New York.

■ Turning to the statutory venue questions raised in General Electric, it is plain to me that the statutory arguments on the present motion are substantially the same as those raised and disposed of there by the Supreme Court. The venue provision in question in the present case is 28 U.S.C. § 1400(b), which is as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Movants argue that the policy of this provision, in favor of affording alleged infringers some protection, would be subverted by allowing the counterclaim to stand against them when they have brought their declaratory action in a district where they could not have been sued under § 1400(b). Almost precisely the same argument was made and considered in *General Electric* with regard to the predecessor of § 1400(b). The Court held that the statutory section

"relates to venue. It confers upon defendants in patent cases a privilege in respect of the places in which suits may be maintained against them. And that privilege may be waived. * * * The section does not, as to counterclaims, purport to modify the rule, prevailing prior to its enactment [which generally authorizes the pleading of counterclaims and is now Rule 13, Fed.R.Civ.P.]. The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court. [Section 1400(b)], taken according to the meaning ordinarily given to the words used, applies only to the latter, and we find no warrant for a construction that would make it include the former." 287 U.S. at 435, 53 S.Ct. at 204.

The Court concluded that the special venue provisions for patent infringement cases do not act as a restriction upon the procedural rule allowing counterclaims to be pleaded, nor do they alter the result in *Leman* requiring plaintiffs to face counterclaims regardless of objections as to personal jurisdiction. This holding plainly disposes of the movants' contentions relying upon the policy served by § 1400(b).

In the case of Brandtjen & Kluge, Inc. v. Joseph Freeman, Inc., 75 F.2d 472 (2d Cir. 1935), aff'd sub nom. Chandler & Price Co. v. Brandtjen & Kluge, Inc., 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39 (1935), Judge Learned Hand discussed the *Leman* and *General Electric* cases and the question of a plaintiff's position when faced with a counterclaim in a case such as a patent infringement suit. Judge Hand's comments are highly relevant to the present case:

"The question remained open so long as it did because of a doubt whether the plaintiff by bringing suit in a forum prescribed in the defendant's interest, by such statutes * * * as [what is now § 1400(b)], surrendered his own corresponding privilege. In the end the defendant won for two reasons; he has himself a special interest in pressing the cross-suit in the same forum as the main suit; and it is fair to impose upon a plaintiff a surrender of his privilege to be sued elsewhere. The defendant's special interest, in addition to the general desirability of settling all disputes at one time, is that he so avoids the necessity of seeking the plaintiff away from his own 'habitation' or place of business, where the main suit has of necessity been brought. On the other hand the plaintiff presumably knows what other disputes are pending between him and the defendant, and by selecting him for attack, may be charged with the risk of meeting a reprisal." 75 F.2d at 472–473.

In identifying these various considerations Judge Hand was implicitly clarifying that there is no denial of due process involved when a plaintiff is required to defend a counterclaim even in a district in which he could not have been sued originally. The fairness of *General Electric's* resolution of the statutory venue issue is also brought out by the practical concerns Judge Hand mentions.

Other cases which support the decisions in *Leman* and *General Electric* include Alexander v. Hillman, 75 F.2d 451, 455 (4th Cir. 1935); James P. Marsh Corp. v. U. S. Gauge Co., 129 F.2d 161, 162 (7th Cir. 1942); Lesnik v. Public Industrials Corp., 144 F.2d 968, 977 (2d Cir. 1944); B. Heller & Co. v. First Spice Manufacturing Corp., 172 F.Supp. 46, 49–50 (N.D.Ill.1959) (Campbell, C. J.). In the *Heller* case Judge Campbell made it quite clear that the *General Elec-*

*tric* case is still firm authority in this District for the proposition that a patent suit plaintiff automatically relinquishes his right to defend infringement counterclaims in the limited districts now provided for in § 1400(b). This proposition can stand consistently with either Judge Campbell's holding that § 1400(b) is jurisdictional, and not just a personal venue privilege, or with the more limited view of § 1400(b) as solely a venue provision, which was advanced in Ruddies v. Auburn Spark Plug Co., 261 F.Supp. 648, 651–653 (S.D.N.Y.1966) (Tenney, J.).

■ It may be noted that movants attempt to distinguish the *Leman* and *General Electric* cases on the ground that both cases involved complaints for actual relief from alleged patent infringement, whereas the New York action sought only declaratory relief. By classifying infringement suits as "coercive" actions or actions for "coercive relief," movants seek to minimize the significance of these decisions for the present case. I do not think the fact that this is a declaratory action diminishes the significance of those cases at all with regard to the effect of movants' status as plaintiffs upon their duty to face counterclaims presented. Even if no tangible, immediate relief is sought in a declaratory suit, such a suit inherently has a substantial effect upon the parties' legal rights and presumably upon their subsequent activities and access to "coercive" remedies. It is a common practice in declaratory patent actions for counterclaims to be filed for non-declaratory relief, and I cannot say that this practice is unfair to the plaintiffs in those cases. Surely those plaintiffs, like the movants in the present case, seek important benefits and advantages from those suits and can and should, in fairness, be required to defend counterclaims for declaratory or non-declaratory relief presented by their opponents. The principles as to a plaintiff's waiver of personal jurisdiction and venue privileges stated in *Leman* and *General Electric* are fully applicable to declaratory judgment actions.

There is one recent decision in which the *Leman* and *General Electric* cases were applied to a suit other than an ordinary civil suit for infringement. That case is H. R. Basford Co. et al. v. Jones, 22 F.R.D. 319 (D.Colo.1958), which was a proceeding on a petition for an order for arbitration under 9 U.S.C. § 4 in which a patent infringement counterclaim was filed. Petitioners moved to dismiss the counterclaim on the ground that the venue provisions of § 1400(b) were not satisfied as to themselves. The court denied the motion to dismiss on the following reasoning:

> "It would * * * appear necessary that this Court follow the interpretation given [Section 1400 (b)] in General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408. The General Electric case held that the venue of counterclaims was not restricted by [Section 1400(b)]. The court in that case pointed out that [Section 1400(b)] applies only in the instance when a suit is brought summoning a person into court but does not affect the setting up of a counterclaim against one already in court." Id. at 320.

In a similar vein, General Tire & Rubber Co. v. Watkins, 326 F.2d 926, 929 (4th Cir. 1964), states that "[i]n a declaratory judgment action alleging [patent] invalidity and non-infringement[,] venue jurisdiction is controlled by 28 U.S.C. § 1391(c) and not by 28 U.S.C. § 1400(b). The overwhelming weight of authority is to this effect." Although the court was discussing venue in relation to a defendant in the *General Tire* case, its remarks lend some additional weight to the conclusion that § 1400(b) has nothing to do with the rights of either plaintiff or defendant in a declaratory action involving patent infringement. As stated in 1 Moore, Federal Practice (2d ed.) ¶ 0.144[9],

> "[e]xcluded from the venue provisions of § 1400(b) are actions for a declaratory judgment that defendants [sic]

patent is invalid or noninfringed. * * * " Accord, 7A Moore, supra at JC–592.

On the authority of *General Electric, Leman* and *Basford,* Moore also says,

"Nor does § 1400(b) necessitate the establishment of independent venue grounds to bring a counterclaim for patent infringement, whether the counterclaim is permissive or compulsory." 1 Moore, supra ¶ 0.144[9].

On the basis of all these authorities, I am compelled to deny the motion to dismiss for lack of jurisdiction and venue filed by Sweetheart Plastics and Maryland Cup in the declaratory action.

*Alternative Motion to Transfer Declaratory Action*

The motion in the alternative of Sweetheart Plastics to transfer the declaratory action to the District of Massachusetts is grounded primarily upon the same arguments made in support of the motion to dismiss that action. As I have indicated, those arguments are without merit. The only other arguments offered on behalf of the motion to transfer are practical points to the effect that it would be fairer to allow Sweetheart Plastics, the manufacturer of the allegedly infringing product, to defend the infringement counterclaim in Massachusetts, its home jurisdiction. Apparently Sweetheart Cup and Maryland Cup would be willing to abide by whatever result is reached if the declaratory action as to Sweetheart Plastics is transferred. Amidst the arguments offered by Sweetheart Plastics on this motion, it also appears that transfer of the case back to New York or to Maryland would be desired by that movant.

█ It is my conclusion, after examination of this motion, that there is no basis for ordering a transfer of the case out of this District. 28 U.S.C. § 1404(a) allows a transfer "for the convenience of parties and witnesses, in the interest of justice." "The burden of establishing that the action should be transferred is on the moving party." 1 Moore, Federal Practice ¶ 0.145[5]. Sweetheart Plas-

tics has failed to carry that burden, nor has it shown that the transfer to this district was clearly erroneous. The practical considerations primarily involved in assessing the most desirable venue for this case were reasoned out fully and fairly in the opinion of Judge Weinfeld in the Southern District of New York granting ITW's motion to transfer the case to this district. 267 F.Supp. 938. The subsequent addition of the counterclaim does not, in my estimation, sufficiently alter the interests involved here so as to warrant another transfer, especially after so much time and energy have been expended up to this point and all the interested parties are now properly before this court. The motion to transfer must be denied.

*Motions to Stay Proceedings*

Inasmuch as the motion to transfer is not granted, the basis of Sweetheart Cup's motions to stay both proceedings is eliminated, and those motions must also be denied.

*Motion to Dismiss Infringement Action*

█ The only remaining motion is Maryland Cup's motion to dismiss the infringement action for lack of venue under § 1400(b). Although this motion does present issues different from those raised by the motion to dismiss the declaratory action, I find that it is unnecessary as a practical matter to make a determination on the merits of the dismissal motion in the infringement case. The reason for this is my conclusion that Maryland Cup is properly in this court in the declaratory action and must here defend the counterclaim for infringement. This counterclaim being essentially the same claim as ITW's infringement complaint sets forth, it would be a needless duplication at this time to determine whether Maryland Cup is properly in this court in the related infringement suit. Accordingly the motion to dismiss the infringement suit must be denied for this limited reason.

In accordance with the above, a joint minute order has been entered in the above cases.