## Richmond

FIRST VIRGINIA BANK OF TIDEWATER v. COMMONWEALTH OF VIRGINIA.

VIRGINIA NATIONAL BANK v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record Nos. 7723 and 7724.

Present, Snead, C.J., Carrico, Gordon and Cochran, JJ.

*Edward L. Breeden, Jr.; David K. Sutelan (Breeden, Howard & MacMillan,* on brief), for appellant in Record No. 7723.

*William P. Oberndorfer; Conrad M. Shumadine (Kaufman, Oberndorfer and Spainhour,* on brief), for appellant in Record No. 7724.

*John R. Jordan, Jr., Special Counsel (Andrew P. Miller, Attorney General; Anthony F. Troy, Assistant Attorney General; A. Grey Staples, Jr., General Counsel, State Corporation Commission,* on brief), for appellee in Record Nos. 7723 and 7724.

Per Curiam.

We are called upon to determine the meaning of "contiguous", as used in a paragraph of the Virginia Banking Act, paragraph (c) of Code § 6.1-39.

Paragraph (a) of Code § 6.1-39 provides that no state bank may engage in business in more than one place, except that the State Corporation Commission may, when satisfied that public convenience and necessity will be served, authorize a bank to establish branches within the limits of the city, town or county in which the parent bank is located. Paragraph (b) of Code § 6.1-39 permits the merger

of banks wherever located in the State, provided the State Corporation Commission finds that public convenience and necessity will be served. Paragraph (c) of Code § 6.1-39 provides:

"Notwithstanding the limitations of the foregoing paragraphs, the State Corporation Commission may, when satisfied that public convenience and necessity will thereby be served, authorize the establishment of branch banks in cities *contiguous* to the county or city in which the parent bank is located, and the establishment of branch banks in counties *contiguous* to the city in which the parent bank is located. Establishment of such branches may be by merger, consolidation, purchase of assets or creation of a new branch; but if the parent bank is located in a city such branches in the *contiguous* county may not be established more than *five miles* outside the city limits." (Emphasis supplied.)

After a hearing pursuant to notice to all state and national banks in Virginia, the State Corporation Commission held that "contiguous", as used in paragraph (c), means *economically* contiguous or compact, not *geographically* contiguous. The Commission then declared that Norfolk is "contiguous" to Portsmouth because those cities "constitute a compact economic community"; that Norfolk is not "contiguous" to either Hampton or Newport News because neither Norfolk and Hampton nor Norfolk and Newport News constitute an "economic community". First Virginia Bank of Tidewater and Virginia National Bank appeal.*

"Contiguous" usually means either physically touching or in close physical proximity. *Holston S. & P. Co.* v. *Campbell,* 89 Va. 396, 16 S.E. 274 (1892) (touching); *Webster's Third New International Dictionary* 492 (1967) (touching); *Black's Law Dictionary* 391 (4th Ed. 1951) (in close proximity). Nothing in paragraph (c) indicates an unusual meaning of "contiguous"; in fact, the language of paragraph (c) proclaims the usual sense of "contiguous". We can find no warrant for the unique meaning ascribed by the Commission.

We therefore declare that "contiguous", as used in paragraph (c) of Code § 6.1-39, connotes geographic contiguity.

*Reversed and final order.*

---

* For a history of related litigation, see *Virginia Nat'l Bank* v. *Commonwealth of Virginia, ex rel. State Corporation Commission,* 448 F.2d 425 (4th Cir. 1971); *Commonwealth of Virginia, ex rel. State Corporation Commission* v. *Camp,* 333 F.Supp. 847 (E.D.Va. 1971).