## CIRCUIT COURT OF GREENSVILLE COUNTY

Delois D. Allen et al.

v.

Greensville County
Board of Supervisors

September 5, 1991

By JUDGE ROBERT G. O'HARA, JR.

Virginia Constitution, Article VII, § 5, and Virginia Code § 24.1-37 issues a two-pronged mandate on redistricting. Districts shall be proportional in population and composed of contiguous and compact territory.

The Court granted the defendant's Motion for Summary Judgment concerning the issue of disproportional population and further ruled that political or partisan reasons or motives cannot be a basis of constitutional attack upon legislative acts, absent a showing of invidious discrimination.

The single remaining issue is whether Election District 2, as adopted in the County's 1991 redistricting plan, does Constitutional defiance to the meaning of "contiguous and compact" territory?

The facts necessary for the Court to determine this issue are before the Court either by stipulation or are contained within the filed exhibits. Clearly, this is a justiciable issue, given the lack of statutory guidance and existing precedent in Virginia regarding the interpretation of the words "contiguous and compact," as contained

in Article VII, § 5, of the Virginia Constitution, and Section 24.1-37 of the Code of Virginia.

When a Court undertakes to review the correctness of an action by a legislative body, such review must be guided by two threshold principles; the legislative act has a presumption of correctness, and the abuse or violation must be shown by clear and convincing evidence.

Two of several Virginia cases that define "contiguous" are, *Holston E. & P. Co. v. Campbell*, 89 Va. 396 (1892), and *First Virginia Bank v. Commonwealth*, 212 Va. 654 (1972). *Holston* assigned a very narrow or strict interpretation in construing "contiguous" as it was used in a deed describing parcels of land. *First Virginia Bank* defined the term in a broader or more liberal sense, being used in a statute permitting the establishment of branch banks in "contiguous" jurisdictions. It is clear that the word must be interpreted in the context of its use, in the case at hand, to effectuate redistricting.

The framers of the Virginia Constitution and Statutes must have had due deference to the geographic difference of this Commonwealth. Recognizing its many eastern rivers, bays, and tributaries, valleys and hills of the piedmont, and the mountains of the west, such vast and different topography would make a strict or rigid construction of "contiguous and compact" difficult or impractical as it applies to redistricting.

Applying the principles of interpretation, construction, and judicial review herein above stated, the Court is of the opinion that Election District 2 as set forth in the County's 1991 redistricting plan is contiguous and compact and is therefore constitutional.

As concluded earlier, political wrongs or inconveniences for whatever partisan motives, be they subtle or obvious, real or imagined, are not subject to judicial review, but are the resolution at the ballot box.