GENERAL ELECTRIC CO. ET AL. *v.* MARVEL RARË
METALS CO. ET AL.

No. 57. Argued November 17, 1932.—Decided December 12, 1932.

*Mr. Lawrence Bristol,* with whom *Mr. Charles Neave* was on the brief, for petitioners.

*Mr. William C. McCoy,* with whom *Mr. Lloyd L. Evans* was on the brief, for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioners, New York corporations having their principal offices in that State, brought this suit in the northern district of Ohio against defendants, two corporations having regular and established places of business in that district and two individuals residing there. The complaint alleges that the defendants infringed plaintiffs' rights under certain patents relating to the manufacture of hard-metal products by making, using and selling tools and parts thereof embodying such inventions. The answer avers that the patents are invalid and denies infringement, alleging that all manufacture by defendants has been under one or more of five patents granted defendant Gebauer. And the answer sets up a counterclaim against plaintiffs for the infringement of one of these patents and prays injunction against such infringement and an accounting. But it does not allege that plaintiffs are inhabitants of the district, or that they infringed defendants' patent and have a regular and established place of business there. The plaintiffs moved to dismiss the counterclaim for want of jurisdiction. The district court granted their motion. Defendants appealed. Plaintiffs moved to dismiss the appeal on the ground that the dismissal of the counterclaim does not amount to the refusal of an injunction under § 129, Judicial Code, and was not appealable under that section. The Circuit Court of Appeals denied the motion and reversed the order appealed from. 56 F. (2d) 823.

Plaintiffs insist that the court erred in refusing to dismiss the appeal. Equity Rule 30 declares: " The defendant by his answer shall set out . . . his defense to each claim asserted in the bill . . . The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject matter of the suit, and

may, without cross bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross claims." 268 U. S. 709. It is clear that in this suit the court in a single decree may finally determine the merits of the cause of action alleged in the complaint and the counterclaim set up in the answer. The order dismissing the counterclaim is interlocutory. *Winters* v. *Ethell*, 132 U. S. 207, 210. *Ex parte Railroad Co.*, 95 U. S. 221, 225. *Ayres* v. *Carver*, 17 How. 591, 595. The general rule is that review of interlocutory orders must await appeal from the final decree. But in proceedings for injunctions and receivers exceptions have been made by § 129, Judicial Code:

"Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, or an interlocutory order or decree is made appointing a receiver, or refusing an order to wind up a pending receivership or to take the appropriate steps to accomplish the purposes thereof, such as directing a sale or other disposal of property held thereunder, an appeal may be taken from such interlocutory order or decree to the circuit court of appeals. . . . The appeal . . . must be applied for within thirty days from the entry of such order or decree, and shall take precedence in the appellate court; and the proceedings in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or the appellate court, or a judge thereof. . . ." 28 U. S. C., § 227.

The reasons suggested by plaintiffs in support of the contention that the order is not appealable are that there was no hearing upon any application for an injunction and that the dismissal of the counterclaim was not the refusal of an injunction. But by their motion to dismiss, plaintiffs themselves brought on for hearing the very question that, among others, would have been presented to the court upon formal application for an interlocutory injunction. That is, whether the allegations of the answer are sufficient to constitute a cause of action for injunction. And the court necessarily decided that upon the facts alleged in the counterclaim defendants were not entitled to an injunction. It cannot be said, indeed plaintiffs do not claim, that the dismissal did not deny to defendants the protection of the injunction prayed in their answer. The ruling of the Circuit Court of Appeals that an injunction has been denied by an interlocutory order which is reviewable under § 129 is sustained by reason and supported by the weight of judicial opinion. *Emery* v. *Central Trust & Safe Deposit Co.*, 204 Fed. 965, 968. *Ward Baking Co.* v. *Weber Bros.*, 230 Fed. 142. *Historical Pub. Co.* v. *Jones Bros. Pub. Co.*, 231 Fed. 638, 643. *Naivette* v. *Philad Co.*, 54 F. (2d) 623. Cf. *Banco Mercantil* v. *Taggart Coal Co.*, 276 Fed. 388, 390.* Plaintiffs' motion to dismiss the appeal was rightly denied.

Plaintiffs maintain that the Circuit Court of Appeals erred in sustaining the counterclaim.

They call attention to Equity Rule 30 and cite § 48 of the Judicial Code: "In suits brought for the infringement of letters patent the district courts . . . shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which

---

* Contra: *Radio Corp.* v. *J. H. Bunnell & Co.*, 298 Fed. 62. *Allied Metal Stamping Co.* v. *Standard Electric Equipment Corp.*, 55 F. (2d) 221.

the defendant . . . shall have committed acts of infringement and have a regular and established place of business. . . ." 28 U. S. C., § 109. They argue that a counterclaim for patent infringement cannot be maintained over plaintiffs' objection if it does not contain allegations showing that plaintiffs are inhabitants of or committed acts of infringement and have a regular place of business within the district in which they commenced their suit. And they insist that to construe the rule more broadly would make it repugnant to the statute.

Rule 30 is without force as against conflicting statutory provisions. *Washington-Southern Co.* v. *Baltimore Co.*, 263 U. S. 629. It deals with counterclaims of two classes. The first includes every counterclaim arising out of the transaction which is the subject matter of the suit and which must be set up in the answer. The second class includes counterclaims not so arising but which might be the subject of an independent suit in equity and which may but need not be so set up. *American Mills Co.* v. *American Surety Co.*, 260 U. S. 360, 364. We may assume that the counterclaim in question does not arise out of the subject matter of plaintiffs' suit. But, unless § 48 prevents, it may be set up in the answer. *Marconi Wireless Telegraph Co.* v. *National E. S. Co.*, 206 Fed. 295. *Electric Boat Co.* v. *Lake Torpedo Boat Co.*, 215 Fed. 377. *United States Expansion Bolt Co.* v. *Kroncke Co.*, 216 Fed. 186; 234 Fed. 868. *Buffalo Specialty Co.* v. *Vancleef*, 217 Fed. 91. *Champion Spark Plug Co.* v. *Champion Ignition Co.*, 247 Fed. 200. *Victor Talking Mach. Co.* v. *Brunswick-Balke-Collender Co.*, 279 Fed. 758.

Section 24 (7) of the Judicial Code is the source from which district courts derive jurisdiction of cases arising under the patent laws. Under that clause and until the enactment of § 48 a suit for infringement might have been maintained in any district in which jurisdiction of defendant could be obtained. *In re Hohorst*, 150 U. S. 653,

661. And see *In re Keasbey & Mattison Co.*, 160 U. S. 221–230. Section 48 relates to venue. It confers upon defendants in patent cases a privilege in respect of the places in which suits may be maintained against them. And that privilege may be waived. *Lee* v. *Chesapeake & Ohio Ry. Co.*, 260 U. S. 653. *Gulf Smokeless Coal Co.* v. *Sutton, Steele & Steele*, 35 F. (2d) 433, 438. The section does not, as to counterclaims, purport to modify the rule, prevailing prior to its enactment. The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court. Section 48, taken according to the meaning ordinarily given to the words used, applies only to the latter, and we find no warrant for a construction that would make it include the former. This Court has recently declared that one who sues in a federal court of equity to enjoin the infringement of his patent, thereby submits himself to the jurisdiction of the court with respect to all the issues of the case, including those pertaining to a counterclaim praying that he be restrained from infringing a patent of the defendant. *Leman* v. *Krentler-Arnold Co.*, 284 U. S. 448, 451. And that rule applies here.

*Affirmed.*