**MICHIGAN TOOL CO., Inc., et al. v. DRUMMOND et al.**

No. 68134.

District Court of the United States for the District of Columbia.

Sept. 15, 1938.

Harness, Dickey & Pierce, of Detroit, Mich. (Richard P. Schulze, of Washington, D. C., of counsel), for plaintiffs.

Hawgood & Van Horn, of Cleveland, Ohio (Raymond Jones, of Washington, D. C., of counsel), for defendants Charles H. Schurr and Lees-Bradner Co.

Bacon & Thomas, of Washington, D. C., for defendant Augustus B. Bolender.

Whittemore, Hulbert & Belknapp, of Detroit, Mich. (George A. Degnan, of Washington, D. C., of counsel), for defendants Robert S. Drummond and National Broach & Machine Co.

W. W. Cochran, of Washington, D. C., for defendant Commissioner of Patents.

LUHRING, Justice.

On rehearing of plaintiffs' motion to strike and dismiss the second counterclaim of the defendants, Charles H. Schurr and the Lees-Bradner Company, for infringement of United States Patent Number 1,-642,179.

The plaintiffs seek the issuance of a patent pursuant to the provisions of 35 U.S.C. § 63, 35 U.S.C.A. § 63, on the ground that the defendant, Commissioner of Patents, acting by and through the Examiner of Interferences, erroneously denied priority of the invention in the interference issues to the plaintiff, William F. Dalzen, and his co-plaintiff assignee, and erroneously awarded priority of invention to the defendant, Charles H. Schurr and his assignee, the defendant, Lees-Bradner Company.

Jurisdiction of this court was invoked because the defendants and adverse parties reside in a plurality of districts not embraced within the same state. 35 U.S.C. § 72a, 35 U.S.C.A. § 72a.

The defendants, Schurr and the Lees-Bradner Company, served a counterclaim denominated as "Second Counterclaim" wherein they charged the plaintiffs with infringing United States Letters Patent Number 1,642,179 theretofore, and on the 13th day of September, 1927 duly and legally issued to the defendant company as assignee of the defendant, Schurr, for the invention of a "Method for Finishing Gear Teeth."

The plaintiff moved to strike the counterclaim on the ground of misjoinder of cause of action, improper venue and lack of jurisdiction over the subject matter and the parties. They argue that suits for infringement must be brought in the district in which the defendant is an inhabitant, or in the district in which the defendant shall have committed acts of infringement and have a regular and established place of business according to 28 U.S.C. § 109, 28 U.S.C.A. § 109. Here, it is conceded that plaintiffs are inhabitants of the State of Michigan, and that neither has committed any act of infringement within the District of Columbia nor maintains any regular or established place of business therein.

542

The plaintiffs further contend that the counterclaim is a permissive counterclaim within the meaning of Rule 13(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and that it is within the discretion of the court to refuse to entertain such a counterclaim where, as here, the trial of the issues of the complaint will be confused and complicated thereby and the trial lengthened. The court is urged to strike the counterclaim for these reasons.

The plaintiffs, as they had a right to do, elected to proceed under 35 U.S.C. § 63, 35 U.S.C.A. § 63, in this court and, following 35 U.S.C. § 72a, 35 U.S.C.A. § 72a, the defendants were subjected to its jurisdiction.

"An action under Section 4915 [35 U.S.C. § 63, 35 U.S.C.A. § 63] is a bill in equity brought upon the equity side of the District Court. Under such proceeding the complainant may ask for the relief given him under section 4915 and general equitable relief in the same bill. The respondent may file an answer and set up new material by way of counterclaim." Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486, 491.

The Supreme Court of the United States had occasion to consider 28 U.S.C. § 109, 28 U.S.C.A. § 109, in the case of General Electric Company v. Marvel Co., 287 U.S. 430, 53 S.Ct. 202, 204, 77 L.Ed. 408. It was there argued that "a counterclaim for patent infringement cannot be maintained over plaintiffs' objection if it does not contain allegations showing that plaintiffs are inhabitants of or committed acts of infringement and have a regular place of business within the district in which they commenced their suit."

In disposing of this objection the Court held that 28 U.S.C. § 109, 28 U.S.C.A. § 109, confers upon defendants in patent cases a privilege which they may waive, saying: "Section 24(7) of the Judicial Code (28 U.S.C.A. § 41(7)) is the source from which District Courts derive jurisdiction of cases arising under the patent laws. Under that clause and until the enactment of section 48 a suit for infringement might have been maintained in any district in which jurisdiction of defendant could be obtained. * * * Section 48 relates to venue. It confers upon defendants in patent cases a privilege in respect of the places in which suits may be maintained against them. And that privilege may be waived. * * * The section does not, as to counterclaims, purport to modify the rule, prevailing prior to its enactment. The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court. Section 48, taken according to the meaning ordinarily given to the words used, applies only to the latter, and we find no warrant for a construction that would make it include the former. This Court has recently declared that one who sues in a federal court of equity to enjoin the infringement of his patent, thereby submits himself to the jurisdiction of the court with respect to all the issues of the case, including those pertaining to a counterclaim praying that he be restrained from infringing a patent of the defendant. * * * And that rule applies here."

The counterclaim under consideration is a permissive counterclaim within the meaning of Rule 13(b), 28 U.S.C.A. following section 723c. It was held under Equity Rule 30, 28 U.S.C.A. following section 723, that the court had discretion to deny leave to file such a counterclaim. Flowers v. Magor Car Corp., D.C., 26 F.2d 98. However, the exercise of this discretion is now limited by Rules 13(e) and 13(f), Federal Rules of Civil Procedure, to cases where (13(e) the counterclaim matured or was acquired by the pleader after serving his pleading, and where (13(f) the pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect. In such cases the pleader must have the permission or leave of the court to present or set up the counterclaim either by supplemental pleading or amendment. 1 Moore Fed.Pr. § 13.03, p. 695.

If it shall appear to the trial justice that the trial of the issues of the complaint will likely be confused, complicated or lengthened because of the counterclaim, he is authorized "in furtherance of convenience" to order a separate trial of the counterclaim. Rules 13(i) and 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The court has jurisdiction to hear and determine the counterclaim and jurisdiction of the parties and, in view of the Federal Rules of Civil Procedure cited, there is no discretion to strike it.

The court adheres to its former ruling refusing to strike the defendants' second counterclaim, and counsel will submit appropriate order for signature.