Vern L. Oldham, Cleveland, Ohio, B. C. Boer, Cleveland, Ohio, for defendants.

**FOUNDRY EQUIPMENT CO. v. CARL-MAYER CORPORATION et al.**

**Civ. No. 26952.**

United States District Court
N. D. Ohio, E. D.

March 27, 1950.

JONES, Chief Judge.

This is a patent infringement action. Defendants have answered and have set up two counterclaims based on patent infringement, unfair trade practices and monopolistic trade practices.

Plaintiff moves to strike the counterclaims because (1) neither action arises out of the subject matter of the complaint, (2) misjoinder of federal and nonfederal causes, and (3) the asserted causes do not rest on substantially identical facts.

■ Defendant in a patent infringement suit has the right to counterclaim for patent infringement by plaintiff of defendant's patents. This is true even if the patent which is the subject of the counterclaim is not related to the patent which is the sub-

ject of the complaint. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; Leman v. Krentler-Arnold, 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; Hauserman Co. v. Wright Metal, D.C., 1 F.Supp. 43; Michigan Tool Co. v. Drummond, D.C.Cir., 33 F.Supp. 540.

Plaintiff has cited some authority which in effect holds that a plaintiff cannot join an unrelated nonfederal cause with a federal cause. French Renovating Co. v. Ray Renovating Co., 6 Cir., 170 F.2d 945. It is not clear that this case applied to the counterclaims of the defendant. It is, however, sufficient to state that, if the unfair trade practices of the plaintiff are nonfederal claims, they relate to the misuse of plaintiff's federal patent, and are therefore sufficiently related to the federal cause to give this court jurisdiction under the French ruling.

Finally, counterclaims in a patent infringement action which raise the issue of plaintiff's monopolistic practices have been approved by various courts. Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; Hancock Oil Co. v. Universal Oil Co., 9 Cir., 115 F. 2d 45.

The plaintiff's motions to strike will be overruled, and leave given to file a reply within the time limit set by Rule 12(a), Federal Rules of Civil Procedure, 28 U.S. C.A.