VIRGINIA NATIONAL BANK, Appellee,

v.

COMMONWEALTH OF VIRGINIA ex rel. STATE CORPORATION COMMISSION et al., Appellants.

No. 71–1139.

United States Court of Appeals, Fourth Circuit.

Argued June 10, 1971.

Decided Sept. 27, 1971.

John R. Jordan, Jr., Sp. Counsel, State Corporation Com., Raleigh, N. C. (Jordan, Morris & Hoke, Raleigh, N. C., and A. Grey Staples, Jr., Gen. Counsel, (Va.) State Corporation Com., Richmond, Va., Andrew P. Miller, Atty. Gen. of Va., Anthony F. Troy, Asst. Atty. Gen., on brief), for appellants.

William P. Oberndorfer, Norfolk, Va. (Conrad M. Shumadine, Kaufman, Oberndorfer & Spainhour, Norfolk, Va., on brief), for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

On March 20, 1970, Virginia National Bank (Virginia National), headquartered in Norfolk, Virginia, filed an application with the Comptroller of the Currency of the United States (Comptroller) for permission to establish a branch bank in Hampton, Virginia. The National Bank Act, 12 U.S.C. § 36(c), permits a national bank to establish a branch where branching is permitted to state banks by "the statute law of the State in question." Code of Virginia of 1950, as amended, § 6.1–39(c) permits a state bank to branch in cities "contiguous" to the city in which the parent bank is located when public convenience and necessity will be served thereby.

The Comptroller approved the application on June 23, 1970. In so doing, he found that the city of Hampton is geographically contiguous to the city of Norfolk and that public convenience and necessity would be served by the establishment of the branch.

On July 6, 1970, the Commonwealth of Virginia, acting at the direction of the Virginia State Corporation Commission (Corporation Commission), filed a complaint (Civil Action No. 472–70–N) in the district court against the Comptroller and Virginia National seeking, among other things, a judgment declaring that the establishment by Virginia National of a branch bank in Hampton was in violation of § 6.1–39(c) since Norfolk and Hampton were not *economically contiguous*. The issue in that case, then, is whether the word "contiguous" has a geographic meaning *or*, as asserted by the Corporation Commission, an economic meaning. Civil Action No. 472–70–N is still pending in the district court.

The Corporation Commission's complaint in C/A No. 472–70–N was heard on its request for a preliminary injunction enjoining Virginia National from establishing the branch in Hampton, on July 9, 1970. The Corporation Commission was granted a continuance of this hearing on July 14, 1970, on the ground that it did not have the economic data necessary to support its ruling that "contiguous" in § 6.1–39(c) means "eco-

nomically" contiguous. The hearing was set for August 20 before Judge John A. MacKenzie who disqualified himself, and the hearing on the Comptroller's and Virginia National's respective motions for summary judgment was rescheduled before Chief Judge Walter E. Hoffman for December 23, 1970.

On November 9, 1970, the Corporation Commission entered its Ex Parte "Order For Administrative Hearing" to be held December 11, 1970, to examine into the statutory meaning of the word "contiguous," the precise issue in C/A 472–70–N. Virginia National filed its complaint in the instant case on November 20, 1970, asking Judge Hoffman to enjoin the holding of the Corporation Commission's "Administrative Hearing" scheduled for December 11. Judge Hoffman refused to enjoin the holding of the hearing but, instead, entered an order enjoining the defendants and their counsel, or any person acting in concert with them, from

> "Presenting in evidence, either in connection with the pending motions for summary judgment, any other motion or preliminary proceeding, or at the trial on the merits in Civil Action No. 472–70–N, or any consolidated action, any transcript or portion thereof, in the absence of agreement of the parties, of any hearing scheduled for December 11, 1970, or any continuance thereof, touching the interpretation of § 6.1–39(c) of the Code of Virginia 1950, as amended, * * *;

> "Presenting, by way of affidavits, evidence or statement, any order or opinion which may hereafter be issued or filed by the State Corporation Commission pursuant to the hearing scheduled for December 11, 1970, or any continuance thereof, unless the parties agree upon such introduction in evidence."

The defendants now seek to appeal from this order, 320 F.Supp. 260.

We are of the opinion that the order is unappealable. Final judgments are made appealable by 28 U.S.C. § 1291. However, there are exceptions; for example, the exception declared by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L.Ed. 1528 (1949). There, a shareholder plaintiff brought a derivative action in the federal district court under its diversity jurisdiction. The defendant moved for security under a New Jersey security for expenses statute, which motion was denied, the district court holding that the state statute was an impermissible limitation upon the jurisdiction of the federal court and that the Federal Rules of Civil Procedure did not permit imposition of counsel fees and expenses other than costs. The Court of Appeals held the order appealable and reversed the lower court.[1] The Supreme Court likewise held the order appealable, partially summarizing its discussion and opinion as follows:

> "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. * * * * "[2]

In *Cohen* it was evident that any protection provided by the state statute to the defendant for recovery of litigation expenses would be lost if a determination of the statute's applicability should be deferred until the whole case was adjudicated. The unique order in the instant case obviously does not fall in "that small class" described by the Court in *Cohen*.

Certain orders which grant, deny or modify injunctions are appealable pursuant to 28 U.S.C. § 1292(a) (1). However, in determining the appealability of an order under § 1292(a) (1), courts look not to terminology but to "the substantial effect of the order made." Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87

1. 170 F.2d 44 (3 Cir. 1948).

2. 337 U.S. at 546, 69 S.Ct. at 1225.

L.Ed. 176 (1942); General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932); Ring v. Spina, 166 F.2d 546 (2 Cir. 1948).

 The district court's order, here involved, although characterized and phrased as an injunction, is, in substantial effect, nothing more than an evidentiary ruling that certain evidence is and will be inadmissible, not in this suit but in C/A 472–70–N, a separate action pending in the same court. The mere presence of words of restraint or direction in an order that is only a step in an action does not render the order appealable under § 1292(a) (1). Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955); International Products Corporation v. Koons, 325 F.2d 403 (2 Cir. 1963); Fleischer v. Phillips, 264 F.2d 515, 516 (2 Cir. 1959).

For lack of appellate jurisdiction the appeal will be

Dismissed.