TAPESWITCH CORPORATION OF
AMERICA, Plaintiff-Appellant,

v.

RECORA CO., INC.,
Defendant-Appellee.

No. 75–1696.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 17, 1975.

Decided Jan. 9, 1976.

John D. Simpson, Canella E. Henrichs, Chicago, Ill., James P. Malone, Mineola, N. Y., for plaintiff-appellant.

Martin Faier, Elmer L. Zwickel, Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

Appellee Recora has moved for dismissal of this appeal. Appellant Tapeswitch appealed from an order of the district court entered June 23, 1975, dismissing the Tapeswitch complaint. The order is not final (so as to be made appealable by 28 U.S.C. § 1291) because it does not adjudicate all the claims in the action and does not contain the "express" determination and direction required for finality by Rule 54(b), Fed.R. Civ.P.

The Tapeswitch complaint alleged patent infringement and sought an injunction. The court had ordered a separate trial of antitrust and misuse claims contained in Recora's counterclaim. The order appealed from found the patent invalid and not infringed if valid. The order did not dispose of the antitrust and misuse claims.

In opposing the motion to dismiss, Tapeswitch argues that the order appealed from is an interlocutory order refusing an injunction and therefore made appealable by 28 U.S.C. § 1292(a)(1). We agree.

In *General Elec. Co. v. Marvel Co.*, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408 (1932), the Supreme Court held that an interlocutory order dismissing a counterclaim which prayed for an injunction against infringement of a patent was an interlocutory order refusing an injunction, made appealable by 28 U.S.C. § 227 (1932), 34 Stat. 116, the statutory ancestor of 28 U.S.C. § 1292(a)(1).

In a 1951 decision, this court concluded that Rule 54(b), Fed.R.Civ.P., applied to an order of the type before us and prevented an appeal unless the order was made final by inserting the "express" determination and direction required for finality by the Rule. *Packard Motor Car Co. v. Gem Mfg. Co.*, 187 F.2d 65, 66 (7th Cir. 1951), *cert. granted*, 341 U.S. 930, 71 S.Ct. 803, 95 L.Ed. 1360, *writ dismissed per stipulation*, 342 U.S. 802, 72 S.Ct. 92, 96 L.Ed. 607. In a 1971 decision, we overruled *Packard*, citing conflicting decisions in other circuits. *Atlantic Richfield Co. v. Oil Chemical & A. Wkrs. Int. U.*, 447 F.2d 945, 947–48 (7th Cir. 1971). *Atlantic Richfield* supports the appealability of the order before us now.

In the interim between *Packard* and *Atlantic Richfield*, this court decided *American Cyanamid Company v. Lincoln Laboratories, Inc.*, 403 F.2d 486 (7th Cir. 1968). In that case the order appealed from had found defendant's patent valid and infringed, as claimed in a counterclaim. Our opinion does not state that the order enjoined infringement, although that seems probable. Plaintiff appealed although other issues were unresolved and the district court declined to make the determination and direction required for finality by Rule 54(b). We dismissed the appeal.

Appellee relies on *Cyanamid* here, construing it as holding that in any patent infringement case there can be no appeal except from a final judgment (either disposing of all issues or made final by express determination and direction under Rule 54(b)) or a judgment final except for accounting under 28 U.S.C. § 1292(a)(4). Such a rule would have to rest upon the proposition that § 1292(a)(4) is a special provision for patent infringement cases which, by implication, removes such cases from the scope of the more general § 1292(a)(1). We do not find that proposition reasonable, nor is it expressly developed in the *Cyanamid* opinion or the Ninth Circuit decisions relied on in *Cyanamid*. *Bergman v. Aluminum Lock Shingle Corp. of America*, 237 F.2d 386 (9th Cir. 1956); *Illinois Tool Works v. Brunsing*, 378 F.2d 234 (9th Cir. 1967).

 Apparently the appellant in *Cyanamid* recognized *Packard* as the existing law of the circuit, and, although seeking reexamination of *Packard*, argued principally that the order appealed from was final except for accounting and therefore made appealable by § 1292(a)(4). This court correctly held that because of the unresolved issues the order appealed from was not final except for accounting and therefore that § 1292(a)(4) did not render the order appealable. We now expressly limit *Cyanamid* to that holding and deem § 1292(a)(1) applicable to patent cases as well as others.

The motion to dismiss the appeal is denied.