712 F.2d 453
 B.F. GOODRICH COMPANY, Plaintiff/Appellee,
v.
The GRAND RIVER DAM AUTHORITY, Defendant and Third Party
Plaintiff/Appellee,
v.
NORTHEAST OKLAHOMA ELECTRIC COOPERATIVE, INC., Third Party
Defendant and Counter-Claimant/Appellant,
v.
PRIOR FOUNDRY INC., CITY OF MIAMI, et al., Additional Third
Party Defendants/Appellees.
 No. 82-2017.
 United States Court of Appeals,
Tenth Circuit.
 July 22, 1983.
 
 Donald K. Switzer, Vinita, Okl. (J. Duke Logan and O.B. Johnston, III of Logan, Lowry, Johnston, Switzer & West, Vinita, Okl., with him on brief), for Northeast Oklahoma Elec. Co-op., Inc., third party defendant and counter-claimant/appellant.
 Robert S. Gee, Miami, Okl. (Ben T. Owens of Wallace & Owens, Miami, Okl., with him on brief), for B.F. Goodrich Co., plaintiff/appellee.
 Alfred K. Morlan, Tulsa, Okl. (Deryl L. Gotcher of Jones, Givens, Gotcher, Doyle & Bogan, Inc., Tulsa, Okl., with him on brief), for Grand River Dam Authority, defendant and third party plaintiff/appellee.
 Laura E. Frossard, Tulsa, Okl. (J. Warren Jackman of Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Okl., with her on brief), for Kamo Elec. Co-op., additional third party defendant/appellee.
 Before HOLLOWAY, McWILLIAMS and LOGAN, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 B.F. Goodrich Company, a corporation organized under the laws of the State of Ohio, brought suit in the United States District Court for the Northern District of Oklahoma against the Grand River Dam Authority, a quasi-public corporation organized under the laws of the State of Oklahoma. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a). Goodrich's complaint set forth four causes of action, the fourth cause seeking reformation of a settlement agreement entered into between Goodrich and Grand River. By answer, Grand River denied liability.
 
 
 2
 By leave of court, Grand River filed a third-party complaint against Northeast Oklahoma Cooperative, Inc., a corporation organized under the laws of the State of Oklahoma. Grand River sought declaratory judgment. Northeast Oklahoma filed an answer to the third-party complaint and, by a counterclaim, sought injunctive relief against Grand River.
 
 
 3
 By further leave of court, Grand River filed an amended third-party complaint in which it named approximately thirty-eight additional third-party defendants. Some, though not all, of these additional third-party defendants filed answers, and some asserted counterclaims against Grand River.
 
 
 4
 By amended answer, Grand River, in effect, conceded that the settlement agreement between itself and Goodrich should be reformed in the manner sought by Goodrich. Goodrich then moved for judgment on the pleadings on its fourth cause of action only. Northeast Oklahoma objected to the entry of such judgment.
 
 
 5
 The district court, based on the pleadings, granted Goodrich partial judgment and ordered that the settlement agreement between Goodrich and Grand River be reformed so as to conform to the true intent of the parties. In addition, the district court, sua sponte, dismissed Northeast from the proceeding "both as a third-party defendant and counterclaimant, without prejudice...." The basis for the district court's dismissal of the third-party complaint against Northeast Oklahoma and Northeast's counterclaim against Grand River was that there was no justiciable controversy between Northeast and Grand River. In this regard, it was Northeast's basic position that any improper expenditure by Grand River, such as a monetary payment to Goodrich, would necessarily result in an increase in the rates which Grand River charged its customers, such as Northeast. The district court was unimpressed with this argument. Northeast Oklahoma now appeals.
 
 
 6
 At the outset, we are faced with a jurisdictional problem. Is the judgment and order which Northeast Oklahoma seeks to have reversed a "final judgment" as required by 28 U.S.C. § 1291? We think not. A judgment is "final and appealable" when the trial court enters a decision which ends the litigation leaving nothing to be done except execution of the judgment entered. Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945) and Lamp v. Andrus, 657 F.2d 1167 (10th Cir.1981). Some exceptions to this rule of finality are permissive interlocutory appeals, as provided for by 28 U.S.C. § 1292(b), judgments upon multiple claims or involving multiple parties where there has been compliance with Fed.R.Civ.P. 54(b), and appeals from orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action," as this doctrine is enunciated in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). None of those would appear to have any present pertinency.
 
 
 7
 If we understand the record, the order of the district court granting Goodrich's motion for judgment on the pleadings as concerns its fourth cause of action and at the same time dismissing Northeast Oklahoma as a third-party defendant and counterclaimant is not a final and appealable judgment under 28 U.S.C. § 1291. The order here sought to be reviewed did not end the litigation. There remains for resolution, inter alia, the first three claims in Goodrich's complaint. Also, the partial judgment entered on Goodrich's fourth claim is not really a final judgment. True, the district court decreed generally that there be a reformation of the settlement agreement, but from the record before us we do not know precisely what the terms of the settlement agreement will be after it is reformed. Also, though the parties in their briefs mention a sum due and owing Goodrich from Grand River, no order of the district court mentions any dollar amount. Further, although Northeast Oklahoma, as of the moment, has been dismissed from the proceeding, there are still pending and unresolved a great number of third-party complaints brought by Grand River where the defendants have answered and, in some instances, filed counterclaims. And, by action taken subsequent to the date of the judgment, which Northeast Oklahoma alone seeks to have reviewed, the district court allowed some nine third-party defendants to intervene in the main litigation. No more need be said to indicate that the judgment which Northeast Oklahoma seeks to have reviewed, and reversed, is not a final and therefore appealable judgment.
 
 
 8
 There is a suggestion that since Northeast Oklahoma by its counterclaim sought injunctive relief against Grand River, the district court's order dismissing the third-party complaint against Northeast Oklahoma and the latter's counterclaim is tantamount to a denial of an injunction and therefore appealable under 28 U.S.C. § 1292. This, to us, is a strained interpretation, and we are not persuaded by that suggestion. The district court did not deny Northeast Oklahoma's request for an injunction on its merits. Rather, it dismissed Northeast from the entire proceeding, i.e., it dismissed Grand River's third-party complaint against Northeast Oklahoma and dismissed the latter's counterclaim against Grand River, all without prejudice. We do not believe that Northeast Oklahoma's appeal is maintainable under 28 U.S.C. § 1292.
 
 
 9
 In support of our dismissal of this appeal, see Baker v. Bray, 701 F.2d 119 (10th Cir.1983), where we held that a dismissal without prejudice of a third-party claim was not appealable where there was an outstanding, and unresolved, claim by the plaintiff against the defendant for monetary damages. As concerns third-party practice, a trial court has some discretion and may, even sua sponte, dismiss, without prejudice, third-party proceedings which delay, prejudice, or complicate the issues between the plaintiff and defendant. In this general regard, see § 6 C. Wright & A. Miller, Federal Practice and Procedure § 1443 (1971).
 
 
 10
 Accordingly, Northeast Oklahoma's appeal is dismissed.
 
 HOLLOWAY, Circuit Judge, dissenting:
 
 11
 I must respectfully dissent.
 
 
 12
 As the district court's order points out, the counterclaim of Northeast Oklahoma Electric Cooperative, Inc., sought to enjoin G.R.D.A. and certain third-party defendants from rescinding releases and settlement agreements and from arranging for payment by G.R.D.A. of additional money for surcharge overcharges. The district court's holding that no justiciable controversy existed between G.R.D.A. and Northeast Oklahoma, and dismissing Northeast Oklahoma and its counterclaim, seems to have the effect of "refusing" an injunction. This brings the instant appeal within the provisions of 28 U.S.C. § 1292(a)(1) permitting interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions..."
 
 
 13
 While the dismissal of Northeast Oklahoma from the suit and dismissal of its counterclaim "did not in terms 'refus[e]' an 'injunctio[n],' it nonetheless had the practical effect of doing so." Carson v. American Brands, Inc., 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981). Here it seems to me that Northeast Oklahoma has shown not only that the district court's order in effect denied an injunction, but in addition that the order may have a serious, perhaps irreparable consequence, and can be effectually challenged only by this immediate appeal. Carson, 450 U.S. at 84, 101 S.Ct. at 996-97. Indeed this court was moved to grant a stay of the district court's proceedings, pending this appeal, because consummation of revised settlements might have serious consequences, not easily reversed after revised settlements and payments under them were made. We do not know what a full record and consideration of the legal merits of Northeast Oklahoma's counterclaim will demonstrate as to its ultimate entitlement to relief. Nevertheless the circumstances are sufficient in my judgment to support the hearing of this appeal on its merits because of the effect of denial of injunctive relief and the showing that an effectual challenge can be made only by this appeal. See Carson, 450 U.S. at 84, 101 S.Ct. at 996-97; General Electric Co. v. Marvel Co., 287 U.S. 430, 432-33, 53 S.Ct. 202, 203-04, 77 L.Ed. 408 (1932) (holding appealable under the predecessor to § 1292(a)(1) the dismissal of a counterclaim for an injunction and an accounting); Adashunas v. Negley, 626 F.2d 600, 602 (7th Cir.1980); Melendez v. Singer-Friden Corp., 529 F.2d 321, 323 (10th Cir.1976); Abercrombie & Fitch Co. v. Hunting World, Inc., 461 F.2d 1040, 1041-42 (2d Cir.1972); cf. Spangler v. United States, 415 F.2d 1242, 1246-48 (9th Cir.1969) (holding appealable an order striking part of a Government complaint due to effect of denial of some injunctive relief sought, despite provision in order that it was without prejudice to the right to urge the matter again). The order challenged here did not merely limit the scope of relief that may ultimately be granted as in Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 481, 98 S.Ct. 2451, 2453-54, 57 L.Ed.2d 364 (1978).
 
 
 14
 Because of the practical effect of the dismissal of Northeast Oklahoma from the case and the dismissal of its counterclaim, I am persuaded that the district court's order is appealable at this time.