**MARK E. MITCHELL, INC., Plaintiff,**

v.

**CHARLESTON LIBRARY SOCIETY, et al., Defendants.**

**No. 00 Civ. 5725(LAK).**

United States District Court, S.D. New York.

Sept. 20, 2000.

---

Leon Friedman, Richard Ware Levitt, New York, NY, for Mark E. Mitchell, Inc.

Michael E. Salzman, Hughes Hubbard & Reed, New York, NY, for Christie's Inc.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action concerns the right to possession of a copy of an August 2–14, 1776 issue of the *South Carolina American & General Gazette,* which contains what is believed to be the sole extant copy of the first printing in South Carolina of the Declaration of Independence.

### I

Plaintiff Mark E. Mitchell, Inc. ("MEM") consigned the document to Christie's Inc. ("Christie's") for sale at auction. The document was sold at auction on May 19, 2000 to the W. Graham Arader Gallery ("Arader") as agent for the Post and Courier Foundation of South Carolina. Shortly thereafter, and prior to delivery of the document, the Charleston Library Society (the "Society") informed Christie's that it claimed ownership of the document. Christie's retains possession.

On August 2, 2000, MEM commenced this action against Christie's, Arader and the Society. It seeks an order directing the return of the document to it. On the same day, the Society sued MEM in South Carolina. Christie's subsequently filed a counterclaim and cross-claim for interpleader in this action and sought a temporary restraining order and preliminary injunction barring the Society from prosecuting the South Carolina action.

The Court granted the temporary restraining order and subsequently announced from the bench its granting of the preliminary injunction. This order formalizes the preliminary injunction and sets forth the Court's reasoning.

### II

■ Christie's is in possession of the document, disavows any claim of ownership to it,[1] and is subject to the competing claims of ownership by the Society and MEM and, through MEM, Arader. This therefore is a classic case for interpleader.

■ Section 2361 of the Judicial Code[2] empowers district courts to restrain claimants in a situation such as this from instituting or prosecuting any proceeding in any other court affecting the property at issue. The Court assumes *arguendo* that the usual standard for issuance of a preliminary injunction applies here, viz. that Christie's is entitled to such relief if it has shown (1) a threat of irreparable injury and (2) either (a) a likelihood of success on the merits or (b) the existence of serious questions for litigation and that the balance of hardships tips decidedly in its favor.[3]

---

1. Christie's does claim that it would be entitled to a sales commission if the document is found to have been the property of MEM, in which case the sale to Arader would be consummated.

2. 28 U.S.C. § 2361.

3. The Anti–Injunction Statute is no obstacle to an injunction restraining a state proceeding in aid of a federal interpleader action. *See, e.g., NYLife Distribs. v. Adherence Group,* 72 F.3d 371, 381 (3d Cir.1996).

Here there is little doubt that Christie's is threatened with irreparable injury in that it is subject to litigation in two fora concerning the document. This not only would be inconvenient, but would create a risk of inconsistent judgments. Given the obvious utility of interpleader in a situation like this, Christie's is likely to prevail on the merits unless one of the Society's several procedural objections is of real substance. To these the Court now turns.

*Subject Matter Jurisdiction*

The Society first objects that this Court lacks subject matter jurisdiction. Although it concedes that the diversity of citizenship and value requirements of Section 1335(a) of the Judicial Code[4] are satisfied, it notes that Christie's neither has deposited the document with the Clerk to abide the judgment nor given bond to secure its compliance with the future order of the Court. But this deficiency is readily remedied by conditioning relief upon Christie's posting a bond, as the Court already has required.

*Venue*

■ Section 1397 of the Judicial Code[5] permits venue in statutory interpleader actions to be laid "in the judicial district in which one or more of the claimants reside." In this case, none of MEM, the Society, the Foundation and Arader resides in this district. The Society therefore contends that venue is not proper here. But the Court disagrees.

■ The Society overlooks the power of a federal court properly seised of an action to exercise ancillary or pendent venue over other claims properly joined with it. As the District of Columbia Circuit has explained:

"In the context of subject matter jurisdiction, the concept of 'cause of action' has been replaced as the touchstone for analysis by the doctrine of pendent jurisdiction. This familiar concept has spilled over into the rules of venue. The doctrine of 'pendent venue' is now well established, particularly in cases where the court has previously exercised its discretion to hear a certain claim under pendent jurisdiction. As one commentator has noted, '[i]t would seem that if procedural convenience is enough to avoid the constitutional limitations on the jurisdiction of the federal court, it should suffice also to dispense with the purely statutory requirements as to venue.' Consequently, many pendent jurisdiction cases also apply the principles of pendent jurisdiction by analogy when one or more claims arising out of a common nucleus of operative facts do not satisfy the requirements of the applicable venue statute.

\* \* \* \* \* \*

"It would seem that there is no practical reason for limiting the application of pendent venue to cases where pendent jurisdiction has been applied, and judges have recognized this by utilizing pendent venue when the case has merited it."[6]

The logic of taking this approach here is persuasive. MEM sued Christie's, Arader and the Society in this Court to determine ownership of the document. No one disputes that venue is properly laid with respect to that claim and thus that this is an appropriate forum in which to litigate that dispute. The Society thus is not being hailed into a court by the assertion of the interpleader claim that it otherwise would not be before.[7] Moreover, the dispute

4. 28 U.S.C. § 1335(a).

5. *Id.* § 1397.

6. *Beattie v. United States,* 756 F.2d 91, 101, 102 (D.C.Cir.1984) (quoting Charles Alan Wright, The Law of Federal Courts § 10, at 32 (4th ed.1983)); *see also Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 585 (2d Cir. 1965).

7. *See General Elec. Co. v. Marvel Rare Metals Co.,* 287 U.S. 430, 435, 53 S.Ct. 202, 77 L.Ed. 408 (1932) (venue rules do not apply to counterclaims, as counterclaims do not bring the plaintiff before the court); *see also* Comment, *Ancillary Process and Venue in the Federal Courts,* 73 Harv. L.Rev. 1164, 1170–72 (1960).

framed by the interpleader claim is identical to that tendered by the complaint; and this forum is no less appropriate as a practical matter. Yet the narrow view espoused by the Society would preclude this Court from entertaining Christie's claim for interpleader.

The Society's position, if adopted, would exalt form over substance and be thoroughly impractical in the bargain. Interpleader is the only form of action that would ensure that the ownership dispute will be litigated in a single forum rather than possibly contested both here and in South Carolina at the same time. There simply would be little sense to permitting MEM to sue here and the Society to sue in South Carolina but to foreclose this Court, which sits in the district in which the property is located, from employing a procedure that ensures resolution of the dispute in one simple action. Nor is such a result compelled by the language of Section 1397. The statute merely permits venue in an interpleader action to be laid in a district in which a claimant resides. It does not limit venue to such a district. Accordingly, this Court holds that venue of the interpleader claim is properly laid here under the doctrine of pendent or ancillary venue.

### Indispensable Party

■ The Society next contends that Christie's is unlikely to prevail on the interpleader claim because it has failed to join the Foundation which, the Society claims, is an indispensable party in view of the fact that its agent was the successful bidder at the auction. It is mistaken.

The Foundation is merely a potential claimant. It has made no claim of a pres-
ent right to possess or of ownership of the document. Its agent has an executory contract to buy the document from MEM and has not yet paid the purchase price. The Foundation's claim therefore will arise if, and only if, MEM prevails against the Society on its claim of ownership. Accordingly, the Foundation is neither a necessary nor an indispensable party here.[8]

### Personal Jurisdiction

Finally, the Society argues that Christie's is unlikely to prevail here because the Society is not present in New York and not subject to personal jurisdiction under the New York long-arm statute. It contends further that the nationwide service of process provision of Section 2361 of the Judicial Code "cannot remove the requirements of due process imposed by the 14th Amendment to the U.S. Constitution."[9]

In view of the fact that Christie's has been required to post a bond conditioned to ensure its compliance with the Court's ultimate order determining the right to possess the document, the document arguably is subject to the *in rem* jurisdiction of the Court, in which case personal jurisdiction over the Society perhaps would be unnecessary. But there is no need to explore that complex area.

■ As the Society correctly notes, Section 2361 provides for nationwide service of process in statutory interpleader actions. As this Court only recently held, Fourteenth Amendment limitations on the exercise of personal jurisdiction by state courts and by federal courts sitting in diversity do not apply to federal courts exercising jurisdiction to determine federal question cases.[10] The exercise of personal

---

8. The only portion of Rule 19(a), the rule containing the criteria for determining whether an absent party is "necessary," that even arguably is met here is Rule 19(a)(2)(i), viz. the suggestion that proceeding in the absence of the Foundation "as a practical matter" would "impair or impede [its] ability to protect [its] interest." MEM and the Foundation, however, have the identical interest in establishing MEM's ownership, as the rights of both–MEM's to the purchase price and the Foundation's to the document–depend upon

that. As a practical matter, therefore, MEM will protect fully the Foundation's interests. *See, e.g., Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132, 135 (1st Cir.1989) (absent party need not be joined where interests adequately represented by existing party).

9. Def. Mem. 6.

10. *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.,* 104 F.Supp.2d 279, 283 (S.D.N.Y.2000).

jurisdiction in such circumstances is subject only to the limitations imposed by the Due Process Clause of the Fifth Amendment, which are less restrictive because they do not reflect concern with limiting incursions on state sovereignty by the exercise of jurisdiction by other states and because there is an independent federal interest in providing for resolution of federal claims.[11] Hence, the Fifth Amendment analysis requires a balancing of the federal interest in adjudicating the dispute, which is reflected in the enactment of the federal interpleader statute, as well as the convenience interest of the party contesting jurisdiction.[12]

The Society has moved to dismiss the action as to it for lack of personal jurisdiction, and that motion, which is not yet ripe for decision, will be the appropriate vehicle for ultimate resolution of its jurisdictional objection. For present purposes, however, it suffices to say that the Society has made no serious showing that litigation of this dispute in New York City rather than Charleston, South Carolina, would impose so great and unreasonable a burden on it as to overcome the federal interest in providing a forum for this interpleader action. Accordingly, Christie's is likely to prevail on its interpleader action.

### III

For the foregoing reasons, Christie's' motion for a preliminary injunction is granted. Defendant Society is hereby enjoined and restrained, pending the determination of this action, from initiating, or taking any further steps to prosecute, any proceeding in any court affecting the property involving in this action, to wit, an original printing of the August 2–14, 1776 edition of the South Carolina American & General Gazette newspaper now in the possession of Christie's. The foregoing injunction is conditioned upon Christie's, on or before September 30, 2000, filing a bond in the amount of $5,000, payable to the Clerk of the Court with surety approved by the Court, conditioned upon the compliance by Christie's with the future order or judgment of the Court with respect to the subject matter of the controversy.

SO ORDERED.

---

11. *Id.* at 282–87.

12. *Id.* at 286–87.