

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2007

# In Re: Joy Global

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3885

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Joy Global " (2007). *2007 Decisions.* Paper 108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3885

IN RE: JOY GLOBAL, INC., f/k/a
HARNISCHFEGER INDUSTRIES, INC.,


Debtor

JOY GLOBAL, INC., f/k/a
HARNISCHFEGER INDUSTRIES, INC.,


Appellant

v.

WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT

Appeal from the United States District Court
for the District of Delaware
(Civ. No. 01-cv-00039)
District Judge: Hon. Kent A. Jordan

Submitted pursuant to Third Circuit LAR 34.1(a)
September 24, 2007

Before: McKEE, BARRY and FISHER,
*Circuit Judges*.

(Opinion filed: December 10, 2007 )

OPINION

McKEE, *Circuit Judge*.

Joy Global, Inc., appeals the district court's ruling that the Wisconsin Department

of Workforce Development's ("DWD") state law claim against Joy Global for unpaid severance payments is not preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* For the reasons set forth below, we conclude that the order appealed from is not an appealable order under 28 U.S.C. § 1292(a)(1), and we will therefore dismiss the appeal for lack of jurisdiction.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the procedural or factual background except insofar as may be helpful to our brief discussion.

On November 15, 2006, a motion panel of this court denied DWD's motion to dismiss. Our Internal Operating Procedures provide, in relevant part:

> A motion panel may grant a motion to dismiss an appeal. If the motion seeks dismissal for lack of jurisdiction, and the panel votes not to grant the motion, the motion is referred by order, without decision and without prejudice, to the merits panel.

Third Circuit IOP 10.3.5.

Here, DWD once again contends that we have no jurisdiction over Joy Global's appeal. DWD relies on the argument it made in support of its motion to dismiss Joy Global's appeal. In a "nutshell," DWD contends that appeals based on a denial of ERISA preemption are interlocutory and can only be reviewed pursuant to 28 U.S.C. § 1292(b). DWD's Br. at 20-21 (citing, *inter alia*, *Levine v. United Healthcare Corp.*, 402 F.3d 156, 161 & 163-64 (3d Cir. 2005)). DWD argues that Joy Global did not seek

certification to appeal under § 1292(b), and claims we therefore lack jurisdiction.

Joy Global contends that we have jurisdiction under 28 U.S.C. § 1292(a)(1) because, in holding that DWD's state law claims were not preempted by ERISA, "the district court denied Joy Global an injunction." Joy Global's Br. at 2. In making that contention, Joy Global cites to that portion of the district court's opinion which reads as follows:

> This proceeding began when DWD allegedly requested that the Wisconsin Attorney General prosecute Harnischfeger and Beloit for failure to pay severance benefits to certain employees. Harnischfeger and Beloit then sued DWD, as well as officials from the Wisconsin Attorney General's Office and the Wisconsin Labor Standards Division, *requesting injunctive relief*, claiming that the prosecution was precluded under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and Article VI, Section 2 of the United States Constitution.

346 B. R. 659, 661 n. 2 (D. Del. 2006) (emphasis added). Joy Global argues that the district court's rejection of its attempt to argue that ERISA prevented DWD from pursuing state law claims was therefore tantamount to a denial of injunctive relief. Although that argument is not without appeal, we cannot agree.

Except for footnote 2, the district court's opinion does not mention any request for injunctive relief. The court's order states only that "the claim brought by [DWD] in this case is not preempted by" ERISA. *Id*. at 669. It is difficult to fashion a denial of an injunction from an order that was clearly only intended to reject Joy Global's assertion that DWD's state law claims were preempted by ERISA.

3

We realize, of course, that an order can have the practical effect of granting or denying injunctive relief even though it does not specifically refer to an injunction. Such an order may constitute an appealable interlocutory order under § 1292(a)(1). *See General Electric Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433 (1932), *see also Presinzano v. Hoffman - LaRoche, Inc.*, 726 F.2d 105, 109 (3d Cir. 1984).

However, in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), the Supreme Court cautioned:

> [F]or an interlocutory order to be immediately appealable under § 1292(a)(1), . . . a litigant must show more than that the order has the practical effect of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of [permitting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence. Unless a litigant can show that an interlocutory order of the district court might have a "serious, perhaps irreparable, consequence," and that the order can be "effectually challenged" only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.

*Id*. at 84. It is clear on this record that Joy Global can not meet the stringent demands of *Carson*.

Joy Global contends that "[t]his case has always been about Joy Global's efforts to obtain injunctive relief barring DWD from prosecuting its Wisconsin state law claims in any forum, state or federal." Joy Global's Opposition to [DWD's] Motion to Dismiss

4

Appeal for Lack of Jurisdiction, at 2. As recited earlier, the district court commented:

> This proceeding began when DWD allegedly requested that the Wisconsin Attorney General prosecute Harnischfeger and Beloit for failure to pay severance benefits to certain employees. Harnischfeger and Beloit then sued DWD, as well as officials from the Wisconsin Attorney General's Office and the Wisconsin Labor Standards Division, *requesting injunctive relief*, claiming that the prosecution was precluded under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and Article VI, Section 2 of the United States Constitution.

346 B.R. at 661 n.2 (emphasis added). The district court was referring to a § 1983 action, captioned *Harnischfeger Indust., Inc. v. Doyle*, No. 1:00-cv-00873 (D. Del. Sept. 28, 2000), filed by Harnischfeger and Beloit on September 28, 2000, against James Doyle, individually and in his official capacity as Attorney General of Wisconsin, Jennifer Reinert, individually and in her official capacity as Secretary of the DWD, and various other state officials, in their individual and official capacities. Joy Global filed that suit because it believed that DWD's "actions and threats of prosecution violated its federal statutory rights under ERISA," and, therefore, it "decided to seek injunctive relief barring DWD for prosecuting any state law claims for severance benefits in state or federal court." Joy Global's Opposition to [DWD's] Motion to Dismiss Appeal for Lack of Jurisdiction, at 3. DWD moved to dismiss Joy Global's complaint, claiming sovereign immunity. DWD also filed its proofs of claim against Harnischfeger and Beloit in the bankruptcy court on November 10, 2000, two months after Harnischfeger and Beloit filed their § 1983 suit against it in the district court.

We do not believe that Joy Global's request for injunctive relief in its § 1983

action against DWD carried over into the district court when DWD's claims were withdrawn from the bankruptcy court. The district court did not, as Joy Global asserts, "combine" Joy Global's § 1983 action against DWD with DWD's proofs of claim filed against Harnischfeger and Beloit "in [the] parallel bankruptcy proceeding." Rather, Joy Global's § 1983 action was dismissed by stipulation of the parties. The request for injunctive relief in that action did not survive the dismissal. Therefore, the district court's holding that DWD's state law claims are not preempted by ERISA did not have the practical effect of denying Joy Global's request for a preliminary injunction barring DWD from prosecuting its state law claims. Consequently, we do not have jurisdiction under § 1292(a)(1).

Moreover, assuming *arguendo* that the district court's order had the practical effect of denying Joy Global's request for injunctive relief, we would still not have jurisdiction under § 1292(a)(1) because Joy Global can not satisfy the *Carson* inquiry. On this record, we can not find that the order has "serious, perhaps irreparable, consequence[s]" *Carson*, 450 U. S. at 84, that can be "effectually challenged only by immediate appeal." If any error has been committed in rejecting Joy Global's preemption argument, it can be raised and vindicated on appeal without resorting to the extraordinary and narrow avenue afforded under § 1292(a)(1).

## IV. CONCLUSION

For the above reasons, we will dismiss Joy Global's appeal for lack of appellate

6

jurisdiction.