**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

STEVE BALDWIN and PACIFIC JUSTICE
INSTITUTE,
              *Plaintiffs-Appellants,*

v.

KATHLEEN SEBELIUS, in her official
capacity as Secretary of the United
States Department of Health and
Human Services; UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; HILDA L. SOLIS,
in her official capacity as
Secretary of the United States
Department of Labor; UNITED
STATES DEPARTMENT OF LABOR;
TIMOTHY F. GEITHNER, in his
official capacity as Secretary of
the United States Department of
Treasury; UNITED STATES
DEPARTMENT OF THE TREASURY,
              *Defendants-Appellees.*

No. 10-56374

D.C. No.
3:10-cv-01033-
WMC

OPINION

---

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted
July 13, 2011—Pasadena, California

Filed August 12, 2011

Before: Ferdinand F. Fernandez, Pamela Ann Rymer, and
Richard C. Tallman, Circuit Judges.

10817

Opinion by Judge Rymer

## COUNSEL

Peter D. Lepiscopo, Lepiscopo & Morrow, LLP, San Diego, California, for the plaintiffs-appellants.

Beth S. Brinkmann, Deputy Assistant Attorney General, Washington, D.C., (argued); Alisa B. Klein, Appellate Staff Attorney, Washington, D.C., for the defendants-appellees.

## OPINION

RYMER, Circuit Judge:

Steve Baldwin and the Pacific Justice Institute challenge the constitutionality of the so-called "individual mandate" provision in the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010). That provision takes effect in 2014 and requires those who are non-exempt to maintain qualifying health insurance or pay a penalty. *See* Act, § 1501, 124 Stat. 119, 242-49. Baldwin objects to this provision but fails to allege that he does not have qualifying health insurance or that he will not have it in 2014. The Institute also objects but fails to allege that the "individual mandate" applies to it or that it has enough employees to be subject to the analogous "shared employer responsibility" provision. *See* Act, § 1513, 124 Stat. 119, 253-56 (requiring employers with over 50 full-time employees to offer a health

plan to full-time employees or else pay a fine). The district court held that neither had alleged an injury in fact sufficient to confer standing. We agree.

I

We need to address another jurisdiction issue, in addition to standing, at the outset. Unfortunately the notice of appeal was filed before judgment was entered. The district court dismissed the complaint without prejudice on August 27, 2010, allowing Baldwin and the Institute until September 10 to amend, and the notice of appeal was filed on August 30. This implicates the rule in *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), that a plaintiff who has been given leave to amend may not file a notice of appeal before entry of a final judgment even when he elects to stand on an unamended pleading, as is the case here. In this case, though, the district court simultaneously denied Baldwin and the Institute's motion for a preliminary injunction. Lack of standing was the common ground for both rulings. Baldwin and the Institute appeal the order denying the preliminary injunction as well. Thus, we have jurisdiction under 28 U.S.C. § 1292(a)(1) to consider the appeal. *See Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433 (1932).

II

Baldwin alleges that he objects to the "individual mandate" and does not consent to being compelled by the Act to maintain health care insurance as Congress lacks authority under Article I of the Constitution to enact such legislation. But an objection of this sort is simply a generalized grievance, for which no standing lies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more

directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.*

**[1]** To establish standing a plaintiff must show that he has suffered "injury in fact," the injury is fairly traceable to the challenged action, and it is likely that the injury will be redressed by a favorable decision. *Id.* at 560-61. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotations and citations omitted). "Particularlized" means "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. "[T]he injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563 (internal quotations omitted).

**[2]** Baldwin's allegations fail to show injury in fact. Without expressing a view as to what would pass muster, we note that Baldwin does not aver that he currently lacks qualifying health insurance so that he would be non-compliant when the Act goes into effect. He also does not claim, like some other plaintiffs who have brought similar suits, that he must save money now to purchase insurance in 2014. *See, e.g.*, *Thomas More Law Ctr. v. Obama*, ___ F.3d ___, 2011 WL 2556039, at *3 (6th Cir. June 29, 2011).

**[3]** Neither has Baldwin raised a justiciable pre-enforcement challenge to the Act, for he has not established a "genuine threat of imminent prosecution" as we require. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (internal quotation marks omitted). He articulates no concrete plan to be inadequately insured in the future.

Baldwin's submissions to the contrary are unpersuasive. He argues that he has suffered injury because he must take investigatory steps to determine if he is in compliance with the Act.

But this is not a particularized injury that distinguishes Baldwin's position from everyone else to whom the Act may apply. Baldwin also suggests that by alleging lack of consent to being compelled to buy insurance, he is implicitly stating that he doesn't have insurance; however, that reads more into his "lack of consent" than the allegation will bear. At the end of the day, it is just another way of objecting to the provision and remains a generalized grievance.

[4] To the extent the Institute challenges the individual mandate, it does not have standing because the provision does not apply to employers. *See* Act, § 1501, 124 Stat. 119, 242-49. And to the extent the Institute challenges the employer shared responsibility provision, it does not have standing because it failed to allege it had over 50 employees so that it would be subject to the provision. *See* Act, § 1513, 124 Stat. 119, 253-56. The Institute's claim of associational standing comes too late as it was raised in the reply brief, and regardless, it fails because there is no allegation that any of the Institute's members have standing. *See Fleck & Assocs., Inc. v. Phoenix*, 471 F.3d 1100, 1105-06 (9th Cir. 2006).

In short, neither Baldwin nor the Institute has shown injury in fact, or a genuine threat of prosecution, sufficient to give them standing or make their challenge justiciable.

AFFIRMED.